## No. 28042

**Phillip Edward Campbell v. The District Court of the Eighteenth Judicial District for the County of Arapahoe, State of Colorado, and William B. Naugle, one of the judges thereof**

(577 P.2d 1096)

Decided May 1, 1978. Rehearing denied May 22, 1978.

Dubee & Leopold, James A. Dubee; Frazin and Carrington, Lawrence B. Leff, for petitioner.

Robert R. Gallagher, Jr., District Attorney, James C. Sell, Chief Deputy, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This is an original proceeding to obtain a writ of prohibition. We issued a rule to show cause and now discharge the rule.

The petitioner, Phillip Edward Campbell, is a patient at the Colorado State Hospital in Pueblo, Colorado. He was committed to that institution on December 4, 1972, after a determination that he was not guilty by reason of insanity of assault with a deadly weapon, assault upon a police officer, and assault with intent to commit murder. The criminal charges had been lodged against the petitioner after a police officer had been shot in the back with a rifle, by a sniper, who was identified as the petitioner.

On May 3, 1974, the petitioner was found eligible for release by a jury, pursuant to section 16-8-120, C.R.S. 1973. The respondent court, thereafter, ordered that the petitioner be released from custody upon the following conditions:

"1. That defendant contact an appropriate mental health agency or private physician for the purposes of procuring outpatient psychiatric therapy;

"2.   That defendant, within 60 days of this date, make available to the Court a written program outlining the outpatient psychiatric therapy that will be undertaken;

"3.   That defendant continue in such outpatient psychiatric therapy until such time that the Court is advised that treatment is no longer medically necessary;

"4.   The defendant keep the Colorado State Hospital and this Court advised at all times of his current residence address; upon changing his residence the defendant shall immediately notify the Colorado State Hospital and this Court of his new address;

"5.   That within 90 days from this date the defendant shall furnish to the Court a written progress report from the physician or clinic providing his treatment and subsequent progress reports each 90 days thereafter until further Order of the Court;

"6.   That the defendant appear before this Court on the 15th day of August, 1974, at 8:40 a.m. for review of his progress;

"7.   The defendant shall not at any time possess firearms of any kind."

The police subsequently took the petitioner into custody on July 15, 1976, for allegedly possessing a sawed-off rifle. Since the charge indicated a breach of a release condition, the district attorney filed a "Motion for Recommitment and for Reexamination and Complaint for Violation of Release Order." After a hearing concerning the petitioner's mental condition, the respondent court ordered the petitioner recommitted to the Colorado State Hospital for a period of ninety days for further evaluation and diagnosis. The court, thereafter, determined that the petitioner "has an abnormal mental condition which would be likely to cause him to be dangerous either to himself or to others or to the community in the reasonably foreseeable future." On January 21, 1977, the court terminated the petitioner's conditional release and ordered him recommitted to the institution.

The petitioner initiated this original proceeding alleging that the respondent court abused its discretion or exceeded its jurisdiction by (1) imposing a condition of a criminal probational nature upon his release, and by (2) ordering recommitment to the Colorado State Hospital for a violation of the release condition.

I.

*Propriety of Release Condition*

Petitioner relies upon *Scheidt v. Meredith,* 307 F.Supp. 63 (D. Colo. 1970), to support his contention that no condition commonly imposed in criminal probational proceedings can constitutionally be imposed upon persons found not guilty by reason of insanity. The court in *Scheidt* held that:

"Since a person may not, consistent with the Constitution, be punished when he has committed no crime [citations omitted] it would be

unconstitutional to impose criminal probation conditions on someone in petitioner's circumstances. Just as release on probation may not be weighted with terms and conditions having nothing to do with the purpose or policy of probation, conditional release of a man who has been restored to sanity may not be conditioned on terms having no relation to his status. "The interest of the community and the individual are relevant to the granting of a conditional release. Thus, it would be clearly proper to require that petitioner accept psychiatric out-patient care or supervision. However, terms which were designed to regulate the activities of convicted criminals, and which are punitive in nature, cannot be imposed in a case such as this." (Footnote omitted.)

The imposition of criminal probationary conditions which were not related to the individual seeking release was held to be unconstitutional in *Scheidt*.

■ The authority to impose conditions upon the release of a person from the Colorado State Hospital is expressly conferred upon Colorado courts by section 16-8-115(3), C.R.S. 1973:

"If the court or jury finds the defendant eligible for release, the court may impose such terms and conditions as the court determines are in the best interests of the defendant and the community. . . ."

Section 16-8-115(3), C.R.S. 1973, as tempered by the constitutional considerations discussed in *Scheidt v. Meredith, supra,* define the scope of a court's authority to impose conditions upon release.

■ A review of the seven conditions imposed upon the petitioner's release by the respondent court reveals that each condition bears a substantial relation to the petitioner and is tailored to serve the best interests of both the petitioner and the community in which he will be released. The conditional release permitted the petitioner to exercise substantially all the freedoms possessed by other citizens. No restrictions were placed upon his freedom of association or travel. Similarly, the use of drugs and alchohol were not prohibited. The only condition imposed upon the petitioner's release which is commonly imposed upon criminal probation is the prohibition relating to the possession of firearms, a condition directly related to the abnormal and highly dangerous behavior which resulted in the petitioner's initial commitment. The prohibition against the possession of firearms is not the type of restriction which will detract from the petitioner's ability to adjust to society or which will seriously affect his ability to lead a normal life. The condition, in this case, effected a reasonable accommodation between the petitioner's freedom and the community's interest in being protected from one who has demonstrated by prior acts that they present some danger to society.

■ The respondent court's determination that the petitioner's release should be conditioned on the prohibition relating to the possession of firearms was, therefore, not in excess of its jurisdiction and does not

evidence an abuse of discretion. A release condition of this nature is not unconstitutional if it bears a relationship to the particular individual seeking release and is in the best interests of the defendant and the community.

## II.
### Propriety of Recommitment

■ The respondent court ordered that the petitioner be recommitted after it determined that he had violated the condition prohibiting his possession of firearms. The court's order indicates that its decision to commit the petitioner for an evaluation period was based upon the tentative diagnosis of a physician that the petitioner presented a substantial risk and danger to himself and to the community. Observation of the petitioner during the recommitment procedure led a physician at the Colorado State Hospital to report that he believed the petitioner was experiencing an exacerbation of his chronic schizophrenic condition. The physician also expressed the opinion that the petitioner would require extended in-patient care and that he would pose a significant danger to the community if released in his mental state at the time of the hearing.

■ The respondent court correctly determined that it possessed the implied and inherent authority to order the petitioner's recommitment to the Colorado State Hospital. The statutory authority to issue a conditional release order necessarily and implicitly includes the authority to enforce that order by recommitment.[1]

Accordingly, the rule is discharged.

MR. CHIEF JUSTICE PRINGLE does not participate.

---

[1] The power to enforce and compel obedience to its orders is recognized by section 13-1-114, C.R.S. 1973:

"*13-1-114. Powers of court.* (1) Every court has power:

. . . .

"(c) To compel obedience to its lawful judgments, orders, and process, and to the lawful orders of its judge out of court in action or proceeding pending therein;"