The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Lawrence C. McCOY, Defendant–Appellant.

No. 89CA1636.

Colorado Court of Appeals, Div. II.

July 18, 1991.

Rehearing Denied Aug. 22, 1991.

Certiorari Denied Dec. 23, 1991.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Cheryl A. Linden, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Trott Kunstle and Hughes, Daniel M. Winograd, Colorado Springs, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Lawrence C. McCoy, appeals from the judgment of the district court revoking his conditional release and recommitting him to the Colorado State Hospital. We affirm.

Defendant was committed to the custody of the Department of Institutions for placement at the Colorado State Hospital in June 1984 based on a finding of not guilty by reason of insanity on charges of attempted second degree burglary and possession of burglary tools, offenses allegedly occurring in September 1982.

In August 1988, defendant was granted a release from the Colorado State Hospital subject to certain conditions set forth in the court's order.

From September 1988 through August 1989, various staff members at the mental health center where defendant was receiving therapy reported a variety of allegations against defendant to the Colorado State Hospital.

In April 1989, defendant filed a motion to modify his conditional release asking that he be permitted to move to Pueblo and change his therapist. The mental health center and the State Hospital then contacted the trial court regarding their perceived problems with defendant and objected to his motion to modify.

Thereafter, the special prosecutor petitioned the court for revocation of the conditional release and requested that defendant be psychiatrically evaluated at the State Hospital. After a preliminary hearing was held in July 1989, defendant's conditional release was temporarily revoked, and he was sent to the State Hospital for evaluation.

In August 1989, a final hearing on the petition for revocation of conditional release was held, and the court entered a final order revoking defendant's conditional release and recommitting defendant to the Colorado State Hospital.

I.

█ Defendant first argues that, before his conditional release may be revoked on the basis that he has violated a condition of his release, there must be a finding that this violation renders it likely that he would pose a danger to himself or society in the

reasonably foreseeable future. We disagree.

Upon finding the defendant eligible for release, "the court may impose such terms and conditions as the court determines are in the best interests of the defendant and the community...." Section 16–8–115(3)(a), C.R.S. (1986 Repl.Vol. 8A). A defendant conditionally released remains under the supervision of the Department of Institutions until such time as the committing court enters a final order of unconditional release. *People v. Gilliland,* 769 P.2d 477 (Colo.1989); § 16–8–115(3)(c), C.R.S. (1986 Repl.Vol. 8A).

The terms and conditions imposed upon a defendant's release pursuant to § 16–8–115(3)(a), C.R.S. (1986 Repl.Vol. 8A) may be enforced as are any other orders of the court. Section 16–8–115.5, C.R.S. (1986 Repl.Vol. 8A). If the court finds by a preponderance of the evidence that the defendant has become ineligible to remain on conditional release, as defined in § 16–8–102(4.5), it shall enter a final order revoking the defendant's conditional release and recommitting the defendant. Section 16–8–115.5(8), C.R.S. (1986 Repl.Vol. 8A).

Section 16–8–102(4.5), C.R.S. (1986 Repl. Vol. 8A) defines "ineligible to remain on conditional release" to mean that:

> "the defendant has violated one or more conditions in his release, *or* the defendant is suffering from a mental disease or defect which is likely to cause him to be dangerous to himself, to others, or to the community in the reasonably foreseeable future, if he is permitted to remain on conditional release." (emphasis added)

### A.

■ Defendant asserts that § 16–8–102(4.5) violates due process since it allows his conditional release to be revoked solely on the basis of his not fully complying with all imposed conditions without a showing of dangerousness. However, we cannot address this contention since we do not have jurisdiction to address the constitutionality of a statute. *People v. Truesdale,* 804 P.2d 287 (Colo.App.1990); § 13–4–102(1)(b), C.R.S. (1987 Repl.Vol. 6A).

### B.

■ Our primary task in construing a statute is to ascertain and give effect to the intent of the General Assembly. To discern that intent, a court should look first to the language of the statute. Words and phrases are to be given effect according to their plain and ordinary meaning. *People v. District Court,* 713 P.2d 918 (Colo.1986). They should also be construed according to the rules of grammar and common usage. Section 2–4–101, C.R.S. (1980 Repl.Vol. 1B).

■ In addition, the term "or" as used in a statute is presumed to be used in the disjunctive sense unless legislative intent is clearly contrary. *U.S. v. O'Driscoll,* 761 F.2d 589 (10th Cir.1985).

Under the statute, a defendant is not eligible to remain on conditional release if (1) he has violated a condition of his release, *or* (2) he has a mental disease or defect which is likely to cause him to be dangerous to himself, to others, or to the community. Thus, no finding of dangerousness is necessary if a defendant has violated one or more conditions of his release because such conditions presumably are imposed to eliminate or reduce the risk of future dangerous conduct on the part of the defendant. *See Vialpando v. People,* 727 P.2d 1090 (Colo.1986).

### II.

■ Defendant asserts that he has complied with all restrictions expressly established by the court and that the conditions of his release which he is alleged to have violated were not established by the court but were part of a treatment plan devised by the Pikes Peak Mental Health Center. He further argues that the state produced no evidence of the existence of an actual treatment plan nor evidence that all conditions imposed by the mental health center became a part of the treatment plan. Consequently, he submits that the state failed to prove that he violated any condition of his release which was reasonably related to

the permissible purposes of such conditions. We find no error.

The court-imposed conditions relevant to defendant's release were as follows:

"1. That he shall reside at Bijou House in Colorado Springs.

"2. That he participate in appropriate treatment and therapy at Pikes Peak Mental Health Center through the Conditional Release Program of that facility, subject to such other reasonable conditions as may be determined by the administrator."

Here, the court found that one or more of the conditions of the conditional release had been violated by "defendant's missing two therapy appointments in April 1989, [by his] taking financial advantage of a developmentally disabled female in the spring of 1989, [and by his] failing to follow rules concerning contact with other patients at Pikes Peak Mental Health Center." The court stated: "[F]urthermore it appears to the Court that the defendant poses a risk of dangerous behavior directed toward the community in the reasonably foreseeable future." In making its ruling, the court, without objection, relied on the transcript of the July 25, 1989, preliminary hearing in addition to testimony at the August 28, 1989, final revocation hearing.

First, we reject defendant's argument that the state produced no evidence of the existence of an actual treatment plan.

The record reflects that the court-imposed conditions were explained to defendant. Also, at the preliminary hearing, a senior mental health therapist at the Pikes Peak Mental Health Center testified that he and defendant had agreed on a treatment plan, which included the condition that defendant limit contact with women to the appropriate groups for which he had a schedule. Thus, there is support in the record that an actual treatment plan was in existence and that it was explained to defendant.

We further conclude that the conditions imposed bore a substantial relation to defendant and were tailored to serve the best interests of both the defendant and the community. See *Campbell v. District Court*, 195 Colo. 304, 577 P.2d 1096 (1978); § 16–8–115(3), C.R.S. (1986 Repl.Vol. 8A).

Evidence was presented that defendant suffers from an abnormal mental condition. Under the court's order defendant was required to participate in appropriate treatment at the Pikes Peak Mental Health Center and was subject to such other reasonable conditions as may be determined by the administrator. It is proper to require that defendant accept psychiatric outpatient care or supervision. *Scheidt v. Meredith*, 307 F.Supp. 63 (D.Colo.1970). Also, since defendant was required to work through the conditional release program of the Pikes Peak Mental Health Center, it was appropriate to require him to follow other reasonable conditions determined by the administrator of that facility.

III.

■ We also reject defendant's contention that there was insufficient evidence to support the court's findings and that he was denied due process of law by the court's reliance on hearsay testimony.

In a hearing for revocation of a conditional release, § 16–8–115.5(8), C.R.S. (1986 Repl.Vol. 8A) provides that "any evidence having probative value shall be admissible, but the defendant shall be permitted to offer testimony and to call, confront, and cross-examine witnesses." In addition, the court must find "by a preponderance of the evidence that the defendant has become ineligible to remain on conditional release."

The finding that defendant missed therapy appointments is supported by non-hearsay testimony and is not denied by defendant.

As to defendant's taking financial advantage of a developmentally disabled woman, defendant admitted by stipulation at the preliminary hearing that he had endorsed a $700 check for this woman. On appeal, defendant does not dispute that he completed the line on which the payee was designated and that he assisted the woman in writing and cashing two checks.

The court's finding with respect to defendant's failing to follow rules concerning

contact with other patients was supported by the testimony of a staff psychiatrist and a senior mental health therapist.

Accordingly, after reviewing the record, we conclude that the evidence relied on by the trial court had sufficient probative value to support the court's findings. Further, defendant did have an opportunity to confront and cross-examine the experts and had the opportunity to call witnesses.

Therefore, insofar as we have jurisdiction, the judgment is affirmed.

SMITH and METZGER, JJ., concur.