**Alvin STJERNHOLM, D.C., Respondent–Appellant,**

v.

**COLORADO STATE BOARD OF CHIROPRACTIC EXAMINERS, State of Colorado, Appellee.**

No. 92CA0128.

Colorado Court of Appeals, Div. IV.

March 25, 1993.

As Modified on Denial of Rehearing June 3, 1993.

Certiorari Denied Jan. 10, 1994.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Irvin M. Kent, Aurora, for respondent-appellant.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Kathleen M. Butler, Asst. Atty. Gen., Denver, for appellee.

Opinion by Judge PLANK.

Respondent, Alvin J. Stjernholm, D.C., appeals a judgment of the Board of Chiropractic Examiners for the State of Colorado (Board) finding he had engaged in unprofessional, incompetent, or negligent conduct. Respondent also appeals the Board's summary suspension of his license for more than five months while the disciplinary action was pursued. We affirm the final agency order, but hold the order of summary suspension was improper.

Disciplinary proceedings were brought by the Board against Stjernholm on February 8, 1991. At that time, the Board also summarily suspended Stjernholm's license, stating that it had "reasonable grounds to believe and hereby finds that Alvin Stjernholm has been guilty of deliberate and willful violation of the Chiropractic Practice Act."

The Board's initial investigation concerned the possibility that Stjernholm had continued to treat patients with chiropractic therapy during a suspension of his license in 1989. The 1989 suspension was based on a record keeping violation.

The findings of the ALJ in this disciplinary proceeding, which were adopted with minor changes by the Board, found only that Stjernholm had written a letter to an insurance company about a former patient during the period of his suspension, thus holding himself out as a doctor of chiropractic. The ALJ, and the Board, specifically found that Stjernholm had not actually given any chiropractic patient care during his 1989 suspension. The ALJ also found that while Stjernholm had violated the Board's 1989 suspension by holding himself out as a doctor of chiropractic, the violation was insufficient in significance to warrant any disciplinary action.

The Board adopted the ALJ's findings, but also found that Stjernholm had violated § 12–13–117(1)(b), C.R.S. (1991 Repl.Vol. 5A), "[u]nprofessional, incompetent, or negligent conduct." However, the Board failed to take exception to the ALJ's recommendation of no further sanction, and therefore, no further disciplinary action was taken against Stjernholm.

I.

Respondent first contends that the Board acted *ultra vires* by summarily suspending his license until the final agency decision. We agree.

Section 12–33–119(5), C.R.S. (1991 Repl. Vol. 5A), provides that: "No previously issued license to engage in the practice of chiropractic shall be revoked or suspended until after a hearing conducted pursuant to section 24–4–105, C.R.S. [ (1988 Repl.Vol. 10A) ], except as provided for emergency situations by section 24–4–104, C.R.S. [ (1988 Repl.Vol. 10A) ]. . . ."

Section § 24–4–104(4), C.R.S. (1988 Repl. Vol. 10A), of the Administrative Procedure Act (APA) provides the following:

Where the agency has reasonable grounds to believe and finds that the licensee has been guilty of deliberate and willful violation or that the public health, safety, or welfare imperatively requires emergency action and incorporates such findings in its order, it may summarily suspend the license pending proceedings for suspension or revocation which shall be promptly instituted and determined.

We hold that, in construing the two sections together, the Chiropractic Act does not provide for summary license suspension for a deliberate and willful violation of the act, but rather limits summary suspension to those situations in which the public health, safety, or welfare requires emergency action.

The appropriate construction of a statute is a question of law. *People v. Terry,* 791 P.2d 374 (Colo.1990). The court must construe the statute to determine the intent of the general assembly. *Kern v. Gebhardt,* 746 P.2d 1340 (Colo.1987). If the statute is unambiguous, it is improper to go beyond the accepted meaning of the words in the act. *City & County of Denver v. Howard,* 622 P.2d 568 (Colo.1981).

If more than one statute concerns the same subject matter, they should be read together and reconciled, if possible. *In re M.S. v. People,* 812 P.2d 632 (Colo.1991). However, specific provisions control over

general ones, and provisions of the APA do not apply if there is a conflict between them and a specific statutory provision relating to the agency. *In re M.S. v. People, supra; Colorado State Board of Medical Examiners v. Reiner,* 786 P.2d 499 (Colo.App.1989).

■ Here, the Chiropractic Act incorporates only the provision in the APA providing for emergency situations. We hold that the phrase "imperatively requires emergency action" is a necessary part of the clause "the public health, safety, or welfare imperatively requires emergency action" and does not modify "deliberate and willful violation." Hence, although the APA allows an agency summarily to suspend a license for either a deliberate and willful violation or an emergency situation involving public health, safety, or welfare, the Chiropractic Act limits the Board's power summarily to suspend a license to only those situations involving an emergency.

■ The order of summary suspension issued to Stjernholm found only a deliberate and willful violation of the Board's prior suspension of his license for record keeping violations. There were no findings of an emergency situation. Thus, the Board did not have authority summarily to suspend Stjernholm's license, and accordingly, we hold the board's summary suspension order was improper. However, we conclude that the entry of this order does not warrant reversal of the final agency order.

### II.

■ Respondent next contends that the Board erred in finding that he had engaged in unprofessional, incompetent, or negligent conduct. We disagree.

In her initial decision, the ALJ found that Stjernholm had violated § 12–33–117(1)(f), C.R.S. (1991 Repl.Vol. 5A), which prohibits "[d]isobedience to a lawful rule or order of the board." This conclusion was based on the ALJ's factual finding that Stjernholm had held himself out as a doctor of chiropractic while his license was under suspension.

In adopting its final order, the Board also found that Stjernholm had violated § 12–33–117(1)(b), C.R.S. (1991 Repl.Vol. 5A), which

prohibits "[u]nprofessional, incompetent, or negligent conduct." Unprofessional conduct is defined in § 12–33–117(2)(b), C.R.S. (1991 Repl.Vol. 5A) as, "[p]racticing while license is suspended," and in § 12–33–117(2)(f), C.R.S. (1991 Repl.Vol. 5A) as "[v]iolating this article or aiding any person to violate this article."

Stjernholm contends that there is insufficient evidence to support a finding that he practiced chiropractic. We hold, however, that it is unnecessary to address this question since the finding of unprofessional conduct is supported by the evidence demonstrating that Stjernholm held himself out as chiropractor in violation of the Chiropractic Act.

The Board's summary suspension order is reversed. The agency's final order is affirmed.

JONES and MARQUEZ, JJ., concur.