**Paula Jo JONES and Richard W. Jones, Plaintiffs–Appellants,**

v.

**WESTERNAIRES, INC., a Colorado Not-for-Profit corporation, Defendant–Appellee.**

**No. 92CA2110.**

Colorado Court of Appeals, Div. V.

Dec. 2, 1993.

Rehearing Denied Feb. 3, 1994.

Certiorari Denied July 11, 1994.

` Beckman & Gordon, P.C., John D. Beckman, Wheat Ridge, for plaintiffs-appellants.

Dickinson, Everstine & Prud'Homme, Richard L. Everstine, Denver, for defendant-appellee.

Opinion by Judge BRIGGS.

In this action to recover damages for personal injuries, plaintiffs, Paula Jo and Richard W. Jones, appeal from the summary judgment which dismissed their claims against defendant, Westernaires, Inc. Plaintiffs contend the trial court erred in not limiting the immunity provided under § 13–21–116, C.R.S. (1987 Vol. 6A) to individual volunteers. We affirm.

Defendant, a nonprofit corporation, is a volunteer organization organized for the purpose of teaching and promoting horseback riding and other equestrian activities for young persons. According to the complaint, in January 1991, plaintiff Paula Jo Jones severely injured her leg when she stepped into a trench adjacent to a barn on defendant's property. Richard W. Jones' derivative claim was for loss of consortium.

At the time of the incident, Paula Jo Jones—an adult volunteer in defendant's organization—was attempting to guide an out-of-control wagon toward a stack of hay under the pole barn. The complaint alleged that the trench constituted a dangerous condition and that defendant was negligent in the design, excavation, illumination, and construction of the barn and its adjoining grounds. Defendant filed an answer denying negligence and asserting several affirmative defenses.

Defendant also filed a motion for summary judgment, supported by affidavits and other documents, asserting that it was immune from liability pursuant to § 13–21–116 and other statutes. Plaintiffs filed a response to the motion, supported by affidavits, asserting, among other things, that § 13–21–116 limits immunity to individual volunteers. The trial court determined that defendant was immune from liability pursuant to § 13–21–116 and was therefore entitled to summary judgment.

Plaintiffs present two arguments in support of their contention that the trial court erred in barring their claims under § 13–21–116. First, they argue that the heading of § 13–21–116, either alone or in conjunction with the language of § 13–21–116(2.5)(a), C.R.S. (1987 Repl.Vol. 6A), demonstrates a legislative intent to provide immunity to individual volunteers only. Alternatively, they argue that § 13–21–116 conflicts with the Volunteer Service Act, § 13–21–115.5, C.R.S. (1993 Cum.Supp.) and, because the latter is the more recently adopted statute, it must be given a controlling effect to restrict the grant of immunity to individual volunteers only. We are not persuaded by either contention.

■ Section 13–21–116 was originally enacted in 1986. The intent of the general assembly in adopting this section is set forth in § 13–21–116(1), C.R.S. (1987 Repl.Vol. 6A):

It is the intent of the general assembly to encourage the provision of services or assistance by persons on a voluntary basis to enhance the public safety rather than to allow judicial decisions to establish precedents which discourage such services or assistance to the detriment of public safety.

Section 13–21–116(4), C.R.S. (1987 Repl.Vol. 6A) defines the term "person" to include a corporation, partnership, or association.

Section 13–21–116 was amended in 1987 by the addition of § 13–21–116(2.5)(a), C.R.S. (1987 Repl.Vol. 6A). *See* Colo.Sess.Laws 1987, ch. 103 at p. 553. That subsection provides as follows:

No person who performs a service or an act of assistance, without compensation or expectation of compensation, as a leader, assistant, teacher, coach, or trainer for any program, organization, association, service group, educational, social or recreational group, or nonprofit corporation serving young persons or providing sporting programs or activities for young persons shall be held liable for actions taken or omissions made in the performance of his duties except for wanton and willful act or omissions; except that such immunity from liability shall not extend to protect such person from liability for acts or omissions which harm third persons.

In adopting this amendment, no change was made to the declaration of legislative intent in § 13–21–116(1) or to the inclusion of a corporation within the definition of a "person" in § 13–21–116(4).

■ Our primary task in interpreting a statute is to provide a construction that will render the enactment effective in accomplishing the purpose for which it was adopted. *See Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo.1991). We are not persuaded that the purpose of § 13–21–116, as amended, is accomplished by refusing to extend immunity to corporations under any circumstances.

At the outset, we reject plaintiffs' contention that the section heading adopted for § 13–21–116(2.5) ("immunity for volunteers assisting organizations for young persons") itself requires that we restrict application of the immunity provisions of § 13–21–116(2.5) to individuals only. Although a court may use a legislatively selected heading as an aid in construing a statute, it forms no part of the legislative text and no implication or presumption of a legislative construction is to be drawn solely from it. Section 2–5–113(4), C.R.S. (1980 Repl.Vol. 1B); *In re Petition of U.M. v. District Court*, 631 P.2d 165 (Colo. 1981).

Plaintiffs contend that, aside from its title, the text of § 13–21–116(2.5)(a) demonstrates that the General Assembly intended to distinguish individual volunteers to whom immunity is granted from the underlying organizations they assist. The argument is that the persons who provided services *for* programs and organizations are immune, but not the programs and organizations themselves. Under this interpretation of the statute, § 13–21–116(4) extends immunity under § 13–21–116(2.5) only to an organization providing services to *another* organization that in turn is providing services for young persons. We reject such a limited construction.

■ Section 13–21–116(2.5) provides immunity for, among others, those who perform a service or act of assistance as an assistant for any "program" *or* "organization" or other listed entity. Unless the legislative intent is clearly to the contrary, the use of the disjunctive "or" demarcates different categories. *See People v. McCoy*, 821 P.2d 873 (Colo. App.1991); *see also Bloomer v. Board of County Commissioners*, 799 P.2d 942 (Colo. 1990); *World of Sleep v. Davis*, 188 Colo. 443, 536 P.2d 34 (1975) (the use of the disjunctive indicates a choice, not a fusion of the words to be applied).

■ Furthermore, when, as here, the declared intent of the General Assembly indicates the purpose and objective of a statute, we must give effect to that intent in interpreting any language which is subject to more than one interpretation. *See Civil Service Commission v. Pinder, supra.* The declared intent in § 13–21–116(1) is to encourage "persons" to volunteer services and assistance, and "person" is defined in § 13–21–116(4) to include a corporation.

■ We are not persuaded that an organization providing assistance to another organization which provides a program for youth is more deserving of, or more in need of, immunity than the organization providing the program, or that the General Assembly intended to limit immunity in such a manner. We therefore conclude that the statute reasonably construed provides immunity for a volunteer providing services as a leader, assistant, teacher, coach, or trainer for a program serving young persons or providing sporting programs or activities for young persons, even if that volunteer is a corporation.

Here, the uncontroverted affidavit of the defendant's Director stated that Westernaires, Inc., was formed when its founder was approached by the Lakewood Youth Council to form a riding group for Jefferson County youth. The group's purpose was to teach and promote equine and equestrian activities in the western tradition. The nonprofit corporation has no paid employees, but accomplishes its work entirely through unpaid adult volunteers. At the time of her injury, plaintiff was such a volunteer whose title was Chief Instructor of Ponies.

The affidavit further establishes that the pole barn facility was designed and constructed entirely by volunteers in 1989 to provide a storage area for hay to feed the animals used by the Westernaires' youth members and volunteers. The volunteers who designed and constructed the pole barn facility received no compensation for their efforts. And, at the time of the incident, plaintiff was at the defendant's complex adjacent to the Jefferson County Fairgrounds practicing and training for a wagon entry in the National Western Stock Show.

Based on this record, plaintiffs apparently concede, and we agree, that plaintiff was injured as a result of defendant's provision of services as an assistant, teacher, or trainer for a program providing sporting activities for young persons. We therefore reject plaintiffs' argument that the defendant falls outside the grant of immunity in § 13–21–

116(2.5), at least in the circumstances presented here.

■■■ We also reject plaintiff's contention that § 13–21–115.5 must be given an overriding effect in limiting immunity to individual volunteers because it was enacted more recently than § 13–21–116. That construction overlooks our obligation to construe the statutes in harmony in order to give effect to each. *See L.D.G. v. E.R.*, 723 P.2d 746 (Colo. App.1986) (two statutes concerning the same subject are to be read together to the extent possible so as to give effect to legislative intent).

The Volunteer Service Act, § 13–21–115.5, was enacted in 1992. *See Colo.Sess.Laws* 1992, ch. 60 at p. 278. As pertinent here, this statute was intended to encourage individual volunteers of nonprofit organizations to contribute their services for the good of the community while, at the same time, providing a reasonable basis for redress of claims arising from those services. Section 13–21–115.5(2)(d), C.R.S. (1993 Cum.Supp.). Thus, § 13–21–115.5(4)(a), C.R.S. (1993 Cum. Supp.) grants to individual volunteers immunity from civil liability in some circumstances not covered by § 13–21–116(2.5) for injuries based upon their acts or omissions, but does not abrogate the immunity extended under § 13–21–116.

Section § 13–21–115.5(4)(b), C.R.S. (1993 Cum.Supp.) does not require a different conclusion. It provides as follows with respect to nonprofit organizations:

> Nothing in this section shall be construed to bar any cause of action against a nonprofit organization, nonprofit corporation, or hospital or *change the liability otherwise provided by law of a nonprofit organization, nonprofit corporation,* or hospital arising out of an act or omission of a volunteer exempt from liability for negligence under this section. (emphasis supplied)

Giving the two statutes a harmonious construction, we conclude that the general language of § 13–21–115.5(4)(b) preserves claims against corporations not otherwise barred by separate legislation. The claims asserted by plaintiffs here are specifically barred by the immunity granted by § 13–21–116(2.5).

Thus, the immunity granted pursuant to § 13–21–115.5 extends to an unlimited variety of volunteer activities and applies to injury claims by third parties, but protects only individual volunteers. In contrast, the immunity granted in § 13–21–116(2.5) extends only to volunteers who assist specifically with youth programs and sporting activities and does not apply to claims by third parties, but protects corporate as well as individual volunteers.

This construction is again consistent with the legislative intent set forth in § 13–21–116(1). The programs included in § 13–21–116(2.5) may generally involve more risks for participants than for participants in other programs assisted by volunteers. It would not have been irrational for the General Assembly to encourage participation by corporations and other organizations in this limited area by providing organizational immunity.

In addition, we presume that the General Assembly was aware of and intended to retain the immunity extended to corporations, partnerships, and associations in this limited area when it later adopted the Volunteer Service Act. *See Bloomer v. Board of County Commissioners, supra.* This presumption is supported by the fact that the General Assembly amended § 13–21–116(2), C.R.S. (1993 Cum.Supp.) during the same legislative session in which it enacted § 13–21–115.5, but left unchanged the definition of "person" in § 13–21–116(4) as including a corporation, partnership, or association. *See Colo.Sess. Laws 1992, ch. 65 at p. 295.*

For these reasons, we conclude the trial court's entry of summary judgment was correct.

Judgment affirmed.

MARQUEZ and DAVIDSON, JJ., concur.