**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Michael John ROGERS, Defendant–Appellant.**

**No. 99CA1444.**

Colorado Court of Appeals, Div. V.

Oct. 12, 2000.

Rehearing Denied Nov. 9, 2000.

Certiorari Denied April 9, 2001.

Ken Salazar, Attorney General, Kathleen M. Byrne, Special Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Levy & Lambdin, P.C., Gerald D. Pratt, Englewood, Colorado, for Defendant–Appellant.

Opinion by Chief Judge HUME.

Defendant, Michael John Rogers, appeals the order of the trial court denying his motion to set aside or modify his restitution order. We affirm.

In May 1995, defendant struck a flag person in a construction zone with his vehicle, causing her serious bodily injury. As the victim was on the job at the time of the accident, her workers' compensation carrier, Colorado Compensation Insurance Authority (CCIA), paid her medical expenses. *See* §§ 10–4–707(1)(c) & 10–4–707(5), C.R.S.2000.

Defendant subsequently pled guilty to a charge of vehicular assault, a class four felony. *See* § 18–3–205(1)(b)(I), C.R.S.2000. The trial court sentenced defendant to four years of probation; in addition, it ordered that defendant pay $46,158.23 in restitution. The majority of this amount was to be paid to CCIA.

In 1998, defendant filed a motion to set aside the restitution order. In his motion, he claimed that, as CCIA would have no right of subrogation under § 10–4–713(1), C.R.S.2000, for the personal injury protection (PIP) benefits paid to the injured worker, it could not receive restitution for those amounts. The trial court denied the motion.

On appeal, defendant contends that the trial court erred in denying his motion. We disagree.

In support of his contention, defendant points to provisions of the Colorado Auto Accident Reparations Act, § 10–4–701, et seq., C.R.S.2000 (the No Fault Act). He argues that § 10–4–713(1), C.R.S.2000, denies insurers the right of recovery for benefits paid pursuant to § 10–4–706, C.R.S.2000, and thus, he cannot be required to pay these amounts to the insurer as restitution in this criminal case.

■ Restitution to the victim or victims for actual damages sustained is required as a condition of a sentence to probation in criminal cases. Section 16–11–204.5(1), C.R.S. 2000. Restitution as a condition of probation is as much a part of a criminal sentence as a fine or other penalty. *People v. Milne,* 690 P.2d 829 (Colo.1984). The payment of restitution advances the rehabilitative and deterrence purposes of sentencing and, thus, may be considered punitive in nature. *People v. Shepard,* 989 P.2d 183 (Colo.App.1999).

■ At the time of defendant's sentencing, the restitution statute defined "victim," in pertinent part, as:

the party immediately and directly aggrieved by a defendant, who is convicted of a criminal act and who is granted probation, as well as *others who have suffered*

*losses because of a contractual relationship with such party* . . . .

Colo. Sess. Laws 1985, ch. 140, § 16–11–204.5(4) at 630. (emphasis added)

Therefore, the restitution statute on its face allows for recovery of the losses claimed by the victim's insurer. *See People v. Smith,* 754 P.2d 1168 (Colo.1988) (pendency of civil suit between criminal and victim does not affect court's duty to order restitution; statutory language is not discretionary); *People v. Phillips,* 732 P.2d 1226 (Colo.App.1986) (an insurer's contractual waiver of its right to recover pursuant to policy in no way affects restitution decision).

■ The provisions of the No Fault Act do not conflict with the statutory mandate for the payment of restitution in criminal cases. The No–Fault Act was designed to limit recovery in tort to losses falling outside PIP coverage. *See Peterson v. Kester,* 791 P.2d 1185 (Colo.App.1989). Thus, the Act "substitutes a universal first party insurance program in place of the traditional tort liability system." *Tate v. Industrial Claim Appeals Office,* 815 P.2d 15, 21 (Colo.1991). *See also* § 10–4–713(1), C.R.S.2000 (insurer shall not have any right to recover PIP benefits "in any action for damages" against tortfeasor).

The No–Fault Act is thus addressed to actions in tort, and the provisions of that Act do not in any way address the issue of restitution in criminal cases. Contrary to defendant's assertion, the statutes are not in conflict because they do not address the same subjects. *Cf. Stjernholm v. Colorado State Board of Chiropractic Examiners,* 865 P.2d 853 (Colo.App.1993) (where more than one statute concerns same subject matter, statutes should be read together and reconciled if possible).

Defendant's reliance upon *People v. T.R.,* 860 P.2d 559 (Colo.App.1993) is misplaced. In that case, the defendant had been adjudicated a juvenile delinquent and required to pay restitution to the victim's auto insurer. The juvenile restitution statute then in effect provided that juvenile restitution orders "shall require *payment of insurers* and other persons or entities *succeeding to the rights of the victim through subrogation* or otherwise,

if appropriate." Colo. Sess. Laws 1987, ch. 138, § 19–2–703(4) at 732 (emphasis added) (now codified as § 19–2–918, C.R.S.2000, with amendments).

Contrary to defendant's argument, the issue in *People v. T.R., supra,* turned on the interpretation of the juvenile restitution statute, not the provisions of the No–Fault Act. The juvenile restitution statute specifically required payment to insurers deriving their right of recovery from the rights of the victim. Thus, as the victim in that case would have had no right of recovery under § 10–4–713(1) of the No–Fault Act, the insurer had no subrogation rights for repayment of PIP benefits. As a result, the restitution statute provided no basis for recovery of funds by that insurer.

However, the division in *People v. T.R., supra,* specifically noted the difference between the juvenile restitution statute and the "adult" restitution statute, § 16–11–204.5, C.R.S.2000. The adult statute was and is not limited to situations involving parties subrogated to the rights of others. Rather, the adult statute defines "victim" for purposes of restitution as requiring only a contractual relationship between the injured victim and the other party or parties. *See* § 16–18.5–102(4)(a)(III), C.R.S.2000. The adult statute provides for restitution to be made to the directly aggrieved party, as well as other parties suffering a loss based on contract.

To the extent that *People v. T.R., supra,* may be read to require a different result than that we reach here, we decline to follow it.

Therefore, we hold that the trial court did not err in denying defendant's motion to set aside the restitution order.

We reject defendant's remaining contentions as being without merit.

The order is affirmed.

Judge RULAND and Judge NIETO, concur.