**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Lloyd A. BAKER, Defendant–Appellant.**

**No. 00CA1134.**

Colorado Court of Appeals, Div. IV.

Aug. 16, 2001.

As Modified on Denial of Rehearing Nov. 1, 2001.

Certiorari Denied April 22, 2002.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

Ken Salazar, Attorney General, Michelle L. Prince, Assistant Attorney General, Denver, CO, for Plaintiff–Appellee.

Darol C. Biddle, Pueblo, CO, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Lloyd A. Baker, appeals from the judgment of conviction entered upon a jury verdict finding him guilty of violating certain bail bond conditions. We affirm.

### I.

Defendant first argues that the trial court was without jurisdiction because the information failed to charge an offense with sufficient specificity. We disagree.

As pertinent to this contention, the information alleged:

> [B]etween the 13th day of June, A.D.1999 and the 14th day of June, A.D.1999, inclusive, ... LLOYD ANTHONY BAKER, having been released on bail bond ... was accused by information of a felony arising from the conduct for which he was arrested, did unlawfully, knowingly and feloniously violate a condition of said bail bond, to-wit; LLOYD ANTHONY BAKER, *did make contact with [the victim] and did harass, molest, intimidate and tamper with [the victim] and returned to her home as prohibited by bond* .... (emphasis supplied)

An information is sufficient to invoke the jurisdiction of the district court if it advises the defendant of the charge so that he can adequately defend himself and so that he can be protected from further prosecution for the same offense. *People v. Moore*, 200 Colo. 481, 615 P.2d 726 (1980). If, however, the information fails to satisfy these requirements, the conviction is void. *People v. Russell*, 36 P.3d 92 (Colo.App.2001).

As pertinent here, the offense of violating bail bond conditions is a class six felony that results when the accused fails to comply with a valid condition imposed for the bond. *See* § 18–8–212(1), C.R.S.2000.

Contrary to defendant's contention, the information here was sufficient. It enumerated with particularity several different bail bond conditions relative to the victim,

and it alleged that defendant had violated these conditions. As a result, defendant was able to prepare a defense and, if necessary, to use the information as a bar to multiple prosecutions for the same offense.

## II.

Defendant next contends that § 18–8–212(1) constitutes an unconstitutional delegation of authority to the district court to define a criminal offense and thus violates the separation of powers doctrine. We are not persuaded.

■ Only the General Assembly may declare specific conduct to be a crime. Further, although the power to enact a law may not be delegated, the power to determine a state of facts upon which the law depends may be. In this situation, the General Assembly must adopt appropriate safeguards by which the delegated power is exercised. *People v. Holmes,* 959 P.2d 406, 410 (Colo. 1998). That is, the General Assembly must provide sufficiently precise standards to guide a judge or jury in deciding whether a crime has been committed. *See People v. Smith,* 638 P.2d 1, 3 (Colo.1981).

Here, the premise for defendant's constitutional challenge to § 18–8–212(1) is that the General Assembly has delegated to the district courts unfettered authority to craft bail bond conditions prohibiting any type of criminal or noncriminal conduct. However, this premise is incorrect.

District courts can only impose bail bond conditions that further the purposes of a bond as identified in the statute. As pertinent here, these conditions include:

A condition of every bail bond ... is that the released person appear to answer the charge against such person.... Further conditions of every bail bond shall be that the released person not commit any felony.... A further condition ... in cases of domestic violence ... shall be that the released person acknowledge the restraining order.... In addition, the judge may impose such additional conditions upon the conduct of the defendant as will, in the judge's opinion, render it more likely that

the defendant will fulfill the other bail bond conditions.

Section 16–4–103(2), C.R.S.2000.

■ Thus, we conclude that § 16–4–103(2) sufficiently limits the court's authority to impose conditions on bail and that, therefore, § 18–8–212(1) does not unconstitutionally delegate authority to define a criminal offense.

## III.

Finally, defendant argues that, as applied to him, § 18–8–212(1) is void for vagueness. Again, we disagree.

■ To be unconstitutionally vague, a statute must forbid or require the doing of an act in terms so vague that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application. *People v. Lesslie,* 24 P.3d 22 (Colo.App.2000).

■ Section 18–8–212(1) only applies to knowing violations of bail bond conditions, and, as discussed, we are satisfied that the information in this case adequately apprised defendant of the manner in which he had violated those conditions. The conditions are authorized in § 16–4–103(2), and there is no claim that the language in that statute is unconstitutionally vague. Further, the two statutes must be considered together. *See Stjernholm v. Colorado State Board of Chiropractic Examiners,* 865 P.2d 853 (Colo.App.1993)(statutes addressing the same subject matter should be read together); *see also People v. Schwartz,* 678 P.2d 1000 (Colo. 1984). Accordingly, we reject defendant's vagueness challenge to the statute.

The judgment is affirmed.

Judge ROTHENBERG and Judge VOGT concur.