**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: BILLY RUSSELL DAMPIER,
JR.,

     Debtor.

-----------------------

MEDICAL LIEN MANAGEMENT,
INC.; CREDIT INVESTMENTS,
INC.,

     Plaintiffs - Appellees,

v.

BILLY RUSSELL DAMPIER, JR.,

     Defendant - Appellant.

No. 17-1160
(BAP No. CO-16-020)
(BAP)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

---

[*]    All parties requested oral argument, but we do not believe that it would materially help us to decide this appeal. As a result, we are deciding the appeal based on the briefs. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

The bankruptcy court granted summary judgment to Medical Lien Management, Inc. and Credit Investments, Inc., holding that a Colorado state court's order to Mr. Dampier for criminal restitution was not dischargeable under 11 U.S.C. § 523(a)(7). We affirm.

## I. Background

The facts are undisputed. Mr. Dampier was convicted of theft for stealing from his employers, and the court ordered restitution of approximately $197,000. The following year, Mr. Dampier filed bankruptcy, listing his restitution debt. Shortly thereafter, the employers sought a determination that the restitution obligation was not dischargeable under § 523(a)(7).

The bankruptcy court held that Mr. Dampier could not discharge the restitution obligation and granted the employers' motion for summary judgment. The Bankruptcy Appellate Panel affirmed.

## II. Standard of Review

In this appeal, we engage in de novo review of the bankruptcy court's decision, applying the same standard used by the Bankruptcy Appellate Panel. *Jubber v. SMC Elec. Prods., Inc. (In re C.W. Mining Co.)*, 798 F.3d 983, 986 (10th Cir. 2015). When the bankruptcy court has granted summary judgment, "we . . . review the record de novo, examining the evidence in the light most favorable to [the nonmoving party] to determine whether [the moving party] established that there was no genuine dispute as to any

material fact and it was entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted).

## III. Forfeiture Regarding Statutory Standing

Section 523(a)(7) states in pertinent part: "A discharge under [Chapter 7] does not discharge an individual debtor from any debt . . . to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss." 11 U.S.C. § 523(a)(7).

Mr. Dampier argues that the employers lack standing to pursue an exception to discharge under § 523(a)(7) because they are not governmental units. This argument has been forfeited.

On appeal, we generally consider only those arguments that have been preserved in the debtor's summary judgment briefs filed in bankruptcy court. *In re C.W. Mining Co.*, 798 F.3d at 987. An exception exists for Article III standing, which can be raised at any time. *New Eng. Health Care Emps. Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008). But when the challenge to standing involves a statutory ground, rather than Article III, the challenge can be forfeited. *Niemi v. Lasshofer*, 770 F.3d 1331, 1345 (10th Cir. 2014). Because the debtor's

challenge rests on statutory grounds, the challenge has been forfeited.[1]

## IV. Dischargeability

Mr. Dampier's challenge is invalid on the merits because his restitution debt is nondischargeable under *Kelly v. Robinson*, 479 U.S. 36 (1986), and *Troff v. Utah (In re Troff)*, 488 F.3d 1237 (10th Cir. 2007).

In *Kelly* the bankruptcy debtor pleaded guilty to larceny based on wrongful receipt of welfare, and the plea resulted in a prison sentence. *Kelly*, 479 U.S. at 38. But the court suspended execution of the sentence and placed the debtor on probation for five years, ordering her to make monthly restitution payments to a state agency. *Id.* at 38-39. Shortly thereafter, Ms. Robinson filed bankruptcy. *Id.* at 39.

Although the agency was listed as a creditor, it did not file a proof of claim or otherwise appear in the bankruptcy proceeding. *Id.* Ms. Robinson obtained a discharge, and she made no further restitution payments. *Id.* After the probation department informed her that it considered the restitution obligation nondischargeable, Ms. Robinson sought a declaratory judgment to determine the issue. *Id.* at 39-40.

---

[1]  Characterization as statutory standing is misleading because the challenge ultimately involves the availability of private cause of action under § 523(a)(7). *Lexmark Int'l, Inc. v. State Control Components, Inc.*, 134 S. Ct. 1377, 1387 n.4 (2014); *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 887 (10th Cir. 2017). The availability of a private cause of action involves the sufficiency of a cause of action rather than the court's power to act. *Safe Streets All.*, 859 F.3d at 887.

4

The bankruptcy court held that Ms. Robinson's restitution obligation was nondischargeable under § 523(a)(7), and the Supreme Court agreed: "[W]e hold that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence." *Kelly*, 479 U.S. at 40, 50. The Court explained that even though "restitution is forwarded to the victim," § 523(a)(7) does not "allow[] the discharge of a criminal judgment that takes the form of restitution" because "[t]he criminal justice system is not operated primarily for the benefit of victims, but for the benefit of society as a whole." *Id*. at 52.

The Supreme Court concluded that state law had authorized the "judge to impose any of eight specified conditions of probation, as well as any other conditions reasonably related to [the defendant's] rehabilitation." *Id*. (internal quotation marks omitted). Restitution was among the eight conditions specified in the statute, which allowed the court to fix the amount and manner of payment "in an amount [the defendant] can afford to pay . . . for the loss or damage caused thereby." *Id*. (internal quotation marks omitted). Because the state criminal proceedings focused on "the State's interests in rehabilitation and punishment, rather than the victim's desire for compensation," the Court concluded that "restitution orders imposed in such proceedings operate for the benefit of [a governmental unit], the State." *Id*. at 53 (internal quotation marks omitted).

5

In *Troff*, the debtor pleaded guilty to arson. *Troff*, 488 F.3d at 1238. As part his sentence, the Utah state court placed Mr. Troff on probation and set a probationary requirement to pay $239,696 through monthly installments. *Id.* These installments were paid to the state, which forwarded the payments to the victim. *Id.* At the end of probation, the amount of unpaid restitution was converted to a civil judgment in favor of the victim. *Id.*

Mr. Troff filed bankruptcy and we held that the debt was not dischargeable under § 523(a)(7), reasoning that *Kelly* had clarified that *any* obligation would be nondischargeable when it came as part of a criminal sentence. *Id.* at 1240. The fact that the restitution payments in *Troff* were forwarded to the victim did not alter the fact that they were part of a state criminal sentence, which prevented discharge under § 523(a)(7). *Id.* at 1240-41. And the ultimate conversion of the unpaid obligation to a civil judgment did not change the outcome: "Although this conversion may alter the consequences for Mr. Troff's non-payment, it does not change the fact that the court-imposed restitution was part of his criminal sentence." *Id.* at 1241 n.1.

*Kelly* and *Troff* squarely apply here, where the restitution obligation arose from Mr. Dampier's criminal sentence. *See People v. Rogers*, 20 P.3d 1238, 1239 (Colo. App. 2000) (holding that "[r]estitution as a condition of probation is as much a part of a criminal sentence as a fine or other

6

penalty"). Because the restitution obligation arose from the criminal sentence, *Kelly* and *Troff* apply and § 523(a)(7) precluded discharge of Mr. Dampier's restitution obligation.

## V.   Conclusion

We conclude that Mr. Dampier forfeited his challenge to the employers' statutory standing to contest discharge of the restitution debt. On the merits, we conclude that discharge of the debt is foreclosed under 11 U.S.C. § 523(a)(7). Thus, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

7