**Charles M. BEIGEL, Petitioner,**

v.

**The PEOPLE of the State of Colorado, Respondent.**

**No. 82SC138.**

Supreme Court of Colorado, En Banc.

June 4, 1984.

J. Gregory Walta, Colorado State Public Defender, Barbara S. Blackman, Deputy

State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for respondent.

DUBOFSKY, Justice:

We granted certiorari to review *People v. Beigel*, 646 P.2d 948 (Colo.App.1982), in which the Court of Appeals determined that the district court did not err in failing to include "physically aided or abetted" as an element in the definitional jury instruction of first-degree sexual assault. We hold that the jury instructions did not properly inform the jury that the prosecution must establish beyond a reasonable doubt that the defendant was "physically aided or abetted" by another person in the commission of the sexual assault and reverse the judgment of the Court of Appeals. We remand the case with directions to remand to the district court for an entry of judgment and sentencing for first-degree sexual assault as a class 3 felony, or for a new trial charging first-degree sexual assault as a class 2 felony.

### I.

On the evening of June 8, 1979, the defendant, Charles Beigel, and a companion, Ralph Gilliam, met the nineteen-year-old female victim at a bar. The following description of events is taken from the victim's testimony at trial. After meeting in the bar, the defendant and his companion asked the victim if she would like to work for them as a traveling secretary. The victim agreed to take the job as a way to get to her home in Texas. She subsequently went with the two men to the motel where she had been staying with her boyfriend to pick up her belongings. The two men then took her to their motel. Upon entering the motel room, the victim became nervous because she did not see a separate room for her as promised. She asked the

men to take her back to her motel, but they laughed at her for believing their story and forced her to drink a glass of whiskey. Later, the defendant went into the bathroom, and the victim tried to escape. Gilliam grabbed her by the arm and pushed a heavy chair in front of the door. Hearing the noise, the defendant reentered the room, pushed the victim to the floor, and hit and kicked her. He then dragged her by the hair into an adjoining bedroom, threatened to kill her if she did not undress, and forced her to have sexual intercourse with him. He then told her that it was his companion's turn, and Gilliam forced the victim to have sexual intercourse. During the night, each man again forced sexual intercourse with the victim. The next morning the two men drove her to her motel and released her. Physical evidence corroborated the victim's testimony.

The defendant gave a different version of the facts. He claimed that while at the bar, he and Gilliam agreed to the victim's request to take her with them to find a job where they were seeking employment. The victim later consented to sexual intercourse with both men, and she did not ask to leave or try to escape from the room during the night. In the morning she told the men that she wanted to stay with her boyfriend, so they took her back to her motel.

The defendant was charged with physically aided or abetted first-degree sexual assault under section 18–3–402(1)(a) and (2)(a), 8 C.R.S. (1978).[1] The jury found the defendant guilty of first-degree sexual assault and found by a special verdict form that the defendant was physically aided or abetted in the commission of the sexual assault. The Court of Appeals affirmed the conviction.

The issue before us is whether the jury instructions adequately informed the jury of those facts which the prosecution was required to establish beyond a reasonable doubt before the jury could return a guilty

---

1. Ralph Gilliam also was charged under the same section. Gilliam and the defendant were tried together, and the jury returned guilty verdicts for both men. Gilliam is not a party to this appeal.

verdict. We conclude that the instructions did not properly inform the jury that it should find beyond a reasonable doubt that the defendant was "physically aided or abetted" in the commission of the sexual assault and reverse the judgment of the Court of Appeals.

## II.

The defendant was charged under section 18–3–402(1)(a) and (2)(a), 8 C.R.S. (1978).[2] At the time of the offense subsection (1)(a) provided:

> Any actor who knowingly inflicts sexual penetration on a victim commits a sexual assault in the first degree if:
>
> (a) The actor causes submission of the victim through the actual application of physical force or physical violence;

Subsection (2) lists circumstances mandating increased punishment for first-degree sexual assault, and (2)(a) provides:

> Sexual assault in the first degree is a class 3 felony, but it is a class 2 felony if:
>
> (a) In the commission of the sexual assault the actor is physically aided or abetted by one or more other persons;

The definitional jury instruction listed only those elements found in (1)(a).[3] The verdict forms submitted to the jury contained the following language:

**2.** The information charged that the defendant unlawfully, knowingly and feloniously inflicted sexual penetration upon the victim, causing submission through the application of physical force and violence, and was physically aided and abetted by one or more persons.

**3.** The instruction stated in pertinent part:

"The elements of sexual assault in the first degree are, therefore:
(1) Knowingly,
(2) Inflicts sexual penetration on a victim, and
(3) He causes submission of the victim through the actual application of physical force or violence.

If, after considering all of the evidence, you find that the prosecution has established beyond a reasonable doubt that the defendant acted in such a manner so as to satisfy all of the above elements at or about the date and place stated in the information, you should find the defendant guilty of sexual assault in the first degree; if

We, the Jury, find the Defendant CHARLES MARTIN BEIGEL guilty in manner and form as charged in the Information filed herein, Sexual Assault in the First Degree.

_____
                    Foreman

☐ and further find he was physically aided or abetted by one or more persons.

☐ and further find he was not physically aided or abetted by one or more persons.

_____
                    Foreman

The defendant objected to the verdict form and argued that the "physically aided and abetted" language should be contained in the definitional jury instruction.[4] The court rejected this argument, and, as part of its guilty verdict, the jury indicated its finding that the defendant was physically aided or abetted by checking the appropriate box.

■ The defendant appeals the issue of whether the district court should have included the language contained on the verdict form with the list of the elements required for a finding of first-degree sexual assault. He claims that the instructions utilized did not adequately inform the jury that "physically aided or abetted" must have been proved beyond a reasonable doubt. The Court of Appeals held that the instructions were sufficient because physi-

you do not so find, you should find the defendant not guilty of sexual assault in the first degree."

**4.** Defense counsel objected on the ground that the "present form of jury instruction is misleading. We feel that the issue before the jury should be as to guilty or not guilty. And this is not the method of determining a sentence enhancement in that which determines sentence enhancement is an integral part of the act itself and should be so included in the earlier instructions given by the Court. Thus, in that sense, and in that sense only, I would object to those instructions which do not include the full verbiage of the First Degree Sexual Assault Act." In addition, in his motion for new trial, the defendant challenged the court's decision to treat the physically aiding and abetting language of the sexual assault charge as sentence enhancement, presented to the jury as part of the verdict form without reference to proof beyond a reasonable doubt.

cally aiding or abetting is a sentence enhancement statute, not an element of the crime charged.[5]

Although the briefs before this court contain extensive arguments on whether "physically aided or abetted" is an element of first-degree sexual assault, the result in this case is the same whether "physically aided or abetted" is labeled an element or a sentence enhancer. The fact that the section may function as a sentence enhancer does not indicate that it need not be established beyond a reasonable doubt. Therefore, we need not decide whether "physically aided or abetted" is an element of the offense charged.

■ The due process clause of the United States Constitution protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). In *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), the United States Supreme Court ruled that the *Winship* rule also applies to factors that bear solely on the extent of punishment.

> [T]he criminal law ... is concerned not only with guilt or innocence in the abstract but also with the degree of criminal culpability.

.     .     .     .     .

[I]f *Winship* were limited to those facts that constitute a crime as defined by state law, a State could undermine many of the interests that decision sought to protect without effecting any substantive change in its law. It would only be necessary to redefine the elements that constitute different crimes, characterizing them as factors that bear solely on the extent of punishment.

*Id.* at 697–98, 95 S.Ct. at 1888–89. These cases, as well as our prior opinions, *see, e.g., People v. Hines*, 194 Colo. 284, 572 P.2d 467 (1977), support the conclusion that the prosecution must establish beyond a reasonable doubt that the defendant was "physically aided or abetted" before he may be convicted of first-degree sexual assault as a class 2 felony. The instructions utilized in this case did not inform the jury that being "physically aided or abetted" had to be established beyond a reasonable doubt. This deficiency, coupled with conflicting evidence presented at trial on the issue of aiding or abetting, convinces us that the defendant's conviction for first-degree sexual assault as a class 2 felony must be reversed.[6]

■ The defendant's objection suggested that the factor "physically aided or abetted" be included in the instruction defining the offense. While it would be sound judicial practice to instruct the jury in that fashion, it is not necessary if the court adequately explains to the jury that the further finding required must be established beyond a reasonable doubt.[7]

**5.** The Court of Appeals analogized section 18–3–402(2) to the violent crime statute, section 16–11–309, 8 C.R.S. (1978), which does not state a separate offense. *See Brown v. District Court,* 194 Colo. 45, 569 P.2d 1390 (1977).

**6.** The definitional instruction and verdict form in this case are similar to the instruction and verdict form we uphold today in *Ramirez v. People,* 682 P.2d 1181 (Colo.1984). The difference between this case and *Ramirez* is that the Court of Appeals reviewed *Ramirez* under a plain error standard while here a contemporaneous objection was made. Also, in *Ramirez* the evidence of the finding required by the verdict form was uncontroverted and overwhelming, and therefore, there was no reasonable possibility that the disputed instructions contributed to the defendant's conviction.

**7.** An appropriate instruction may be found in the Colorado Jury Instructions—Criminal. Under CJI-Crim. 12:02, the jury would be instructed in the following manner:

"The elements of the crime of aided or abetted first degree sexual assault are:

1. That the defendant,
2. in the State of Colorado, at or about the date and place charged,
3. knowingly,
4. inflicted sexual penetration on a person, and
5. caused submission of that person,
6. through the actual application of physical force and physical violence, and
7. the defendant was physically aided or abetted by one or more persons in the commission of the act.

While the jury instructions were insufficient for a conviction of first-degree sexual assault charged as a class 2 felony, they were adequate for conviction of first-degree sexual assault as a class 3 felony. Therefore, we reverse and remand the case to the Court of Appeals with directions to remand to the district court for entry of judgment and sentencing on first-degree sexual assault as a class 3 felony, or for a new trial on the charge as a class 2 felony.

Judgment reversed and remanded.

After considering all the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant guilty of aided or abetted first degree sexual assault.

After considering all the evidence, if you decide the prosecution has failed to prove each of the elements beyond a reasonable doubt, you should find the defendant not guilty of aided or abetted first degree sexual assault."