The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Mark Anthony GARCIA, Defendant–Appellant.

No. 95CA0168.

Colorado Court of Appeals, Div. V.

Jan. 25, 1996.

Rehearing Denied March 7, 1996.

Certiorari Granted Aug. 19, 1996.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, and M. Catherine Duba, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Keith D. Johnson, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Mark Anthony Garcia, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of first degree criminal trespass and his subsequent adjudication as an habitual criminal. We reverse.

Defendant was initially charged with second degree burglary and the jury was instructed on that offense in accordance with § 18–4–203, C.R.S. (1986 Repl.Vol. 8B). At the request of the prosecution and over the objection of defendant, the jury was also instructed on first degree criminal trespass, § 18–4–502, C.R.S. (1995 Cum.Supp.), as a lesser included offense.

The basis of defendant's objection before the trial court was that the two offenses had different elements and that the trespass instruction should not be permitted to save a failed burglary prosecution.

On appeal, defendant, relying on *Cervantes v. People,* 715 P.2d 783 (Colo.1986) and *Peo-*

*ple v. Cooke*, 186 Colo. 44, 525 P.2d 426 (1974), argues that the giving of the first degree criminal trespass instruction constitutes a substantive amendment that denies him sufficient notice of the charges against him. The People argue that the instruction is appropriate because first degree criminal trespass is a lesser included offense of second degree burglary.

While we do not accept defendant's analysis, we reject the argument that first degree criminal trespass is a lesser included offense of second degree burglary.

For an offense to be considered as lesser included, the greater offense must contain every element of the lesser offense. An offense is lesser included when proof of the essential elements of the greater offense necessarily establish the elements required to prove the lesser offense. Section 18–1–408(5)(a), C.R.S. (1986 Repl.Vol. 8B); *People v. Henderson*, 810 P.2d 1058 (Colo.1991).

In order to determine whether one offense is included in another, it is necessary to compare the elements of the statutes involved and not the evidence shown at trial. *People v. Raymer*, 662 P.2d 1066 (Colo.1983).

Section 18–4–203 provides, as relevant here, that to commit second degree burglary, a person must break, enter, or remain unlawfully in a "building or occupied structure." Second degree burglary is a class 4 felony except that if the "building or occupied structure" is a dwelling the offense is a class 3 felony.

Section 18–4–502 provides, in pertinent part, that "[a] person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a dwelling of another...." A "dwelling" is "a building which is used, intended to be used, or usually used by a person for habitation." Section 18–1–901(3)(g), C.R.S. (1986 Repl.Vol. 8B).

In *Armintrout v. People*, 864 P.2d 576 (Colo.1993), a case involving the burglary of a dwelling, the defendant was convicted of both first and second degree burglary. Conviction of both offenses is not permissible if one is the lesser included of the other, since the offenses would, in that event, merge. Our supreme court held that second degree burglary is a lesser included offense of first degree burglary because burglary of a "dwelling" is a sentence enhancer and not an element of second degree burglary.

The *Armintrout* court stated:

> In our view, burglary of a 'dwelling' is a sentence enhancement provision defining the level of punishment for a particular type of second degree burglary. It is not an element of a distinguishable offense for purposes of determining whether second degree burglary is a lesser included offense of first degree burglary.

> . . . .

> A sentence enhancer is similar to an essential element of an offense in that a defendant may not be sentenced at the higher felony level unless the factor enhancing the sentence is proved beyond a reasonable doubt.... Thus, Armintrout could not have been convicted of class 3 felony second degree burglary unless the jury found, beyond a reasonable doubt, that the burglary was of a 'dwelling.'

> However, a sentence enhancement provision is not an element of the offense charged. A defendant still may be convicted of the underlying offense without any proof of the sentence enhancer, and this would not be possible if we were dealing with an essential element of the offense.... [W]e do not consider sentence enhancement provisions when determining whether one offense is the lesser included of another.

*Armintrout v. People, supra*, at 579–80.

A comparison of the elements of the two offenses at issue here reveals that proof of the essential elements of second degree burglary will not necessarily establish all of the essential elements of first degree criminal trespass. That is, it is an element of first degree criminal trespass that entry be to a dwelling of another, but there is no such element to second degree burglary. *See People v. Marshall*, 196 Colo. 381, 586 P.2d 41 (1978) (element that property entered be a "dwelling" must be proven for conviction of

first degree criminal trespass). Thus, first degree criminal trespass contains an element not contained in second degree burglary. Therefore, one is not the lesser included of the other.

First degree criminal trespass is a lesser non-included offense of second degree burglary. It is solely the prerogative of the defendant to request that a lesser non-included offense be submitted to the jury. *See People v. Skinner*, 825 P.2d 1045 (Colo.App. 1991).

Here, the defendant neither consented to nor requested the instruction with respect to first degree criminal trespass. Accordingly, the trial court erred in so instructing the jury.

Because of our disposition of this matter, we need not address defendant's other contentions.

The judgment is reversed.

DAVIDSON and CASEBOLT, JJ., concur.