## The PEOPLE of the State of Colorado, Petitioner,

v.

## Mark Anthony GARCIA, Respondent.

### No. 96SC206.

Supreme Court of Colorado,
En Banc.

June 23, 1997.

As Modified on Denial of Rehearing
Aug. 4, 1997.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John Daniel Dailey, Deputy Attorney General, Robert Mark Russel, First Assistant Attorney General, M. Catherine Duba, Assistant Attorney General, Criminal Enforcement Section Denver, for Petitioner.

Newell and Martens, Steven P. Martens, Kevin C. Massaro, Denver, for Respondent.

Justice MULLARKEY delivered the Opinion of the Court.

We granted certiorari to consider whether the court of appeals erred in *People v. Garcia*, 920 P.2d 878 (Colo.App.1996), in reversing the first degree criminal trespass conviction of Mark Anthony Garcia (Garcia). Because Garcia was not charged with first degree criminal trespass and because the jury was instructed on that crime at the prosecution's request and over the defendant's objection, the court of appeals reasoned that first degree criminal trespass could be submitted to the jury only if it were a lesser included offense of the charged crime, second degree burglary. After finding that first degree criminal trespass is not such a lesser included offense, the court of appeals held that first degree criminal trespass could not be submitted to the jury over the defendant's objection and reversed Garcia's conviction. We reverse the court of appeals.

For the purpose of due process notice, the distinction between a sentence enhancement factor and a statutory element of an offense is irrelevant when the factor is specifically alleged in the charging document. Under such circumstances, an uncharged offense may be submitted to the jury over the defendant's objection if either (1) the uncharged offense is a lesser included offense of the charged offense, or (2) the offense as

charged gives fair notice to the defendant that he may be required to defend against the uncharged offense. Thus, we hold that, because Garcia was charged with second degree burglary of a dwelling in the complaint and information, he had proper notice of the lesser charge of first degree criminal trespass. We therefore reverse the court of appeals' decision and remand the case to that court.

## I.

Garcia was charged with class three felony second degree burglary,[1] arising from an alleged burglary of Maria Casillas's (Casillas) apartment, which was located across the hall from his apartment. Casillas alleged that on April 3, 1994, she returned to her apartment in the afternoon and was unable to turn her key in her deadbolt lock to unlock it. However, she was able to unlock the lock on her doorknob. She testified that she felt that someone was holding the deadbolt lock from the inside and that she heard someone in her apartment. She further alleged that she then walked away from the doorway to her apartment and down the hallway, from where she kept an eye on her apartment vestibule. Because her apartment door was recessed from the hallway, she was unable to see her apartment door from her vantage point. She testified that she saw Garcia peek his head out from the recess in the hallway which enclosed her apartment door. She also testified that Garcia then saw her, shrugged his shoulders, and walked across the hall into his apartment.

Garcia was initially charged with class three felony second degree burglary. At trial, the People requested and received, over Garcia's objection, an instruction on first degree criminal trespass as a lesser included offense, and Garcia was convicted of the lesser offense. He appealed his conviction to the court of appeals, arguing that the trial court's submission of first degree criminal trespass over his objection violated his due process right to notice of the charges against him because first degree criminal trespass contained an element not shared by second degree burglary. The defendant contended that the lack of notice denied him the opportunity to prepare a defense to the charge submitted to the jury.

The court reversed Garcia's conviction on the grounds that first degree criminal trespass is not a lesser included offense of second degree burglary. See Garcia, 920 P.2d at 879. The court of appeals arrived at its decision by applying the test for determining lesser included offenses as laid out in Armintrout v. People, 864 P.2d 576 (Colo.1993). See Garcia, 920 P.2d at 879. This test requires a comparison of the elements of the statutes involved, rather than the evidence produced at trial, and omits sentence enhancement factors from consideration. See Armintrout, 864 P.2d at 579.

Section 18–4–203, 8B C.R.S. (1986), provides in relevant part:

**Second degree burglary.** (1) A person commits second degree burglary, if he knowingly breaks an entrance into, or enters, or remains unlawfully in a *building or occupied structure* with intent to commit therein a crime against a person or property.

(2) Second degree burglary is a class 4 felony, but it is a class 3 felony if:

(a) It is a burglary of a *dwelling;* . . . .

§ 18–4–203, 8B C.R.S. (1986) (emphasis added).

Section 18–4–502, 8B C.R.S. (1994 Supp.), provides in relevant part:

**First degree criminal trespass.** A person commits the crime of first degree criminal trespass if such person knowingly and unlawfully enters or remains in a *dwelling of another* . . .

§ 18–4–502, 8B C.R.S. (1994 Supp.) (emphasis added).

Comparing the statutory definitions of second degree burglary and first degree criminal trespass, the court of appeals found that first degree criminal trespass requires that a person break, enter, or remain unlawfully in a "dwelling of another," while second degree burglary only requires that the unlawful entry be of a "building or occupied structure."

---

1. § 18–4–203, 8B C.R.S. (1986).

*See Garcia,* 920 P.2d at 879. The court of appeals observed that in our decision in *Armintrout,* we stated that, although second degree burglary becomes a class three felony where the "building or occupied structure" which is entered is a "dwelling," the element of "dwelling" functions as a sentence enhancer for second degree burglary rather than an essential element. *See id.* Further relying on *Armintrout* for the proposition that sentence enhancers are not to be considered in determining lesser included offenses, the court concluded that first degree criminal trespass was not a lesser included offense of second degree burglary because it contained the additional element of entry of a "dwelling." *See id.* Relying on dicta of another panel of the court of appeals in *People v. Skinner,* 825 P.2d 1045 (Colo.App.1991),[2] the court of appeals in this case concluded that the trial court erred in submitting an instruction on first degree criminal trespass over Garcia's objection, because "[i]t is solely the prerogative of the defendant to request that a lesser non-included offense be submitted to the jury." *Garcia,* 920 P.2d at 880.

## II.

We begin our analysis by reviewing the law on lesser included offenses and the situations in which this court has addressed the issue. There are several generally recognized approaches for determining lesser included offenses. *See State v. Meadors,* 121 N.M. 38, 908 P.2d 731, 735 (1995); Edward G. Mascolo, *Procedural Due Process and the Lesser–Included Offense Doctrine,* 50 Alb. L.Rev. 263, 273 (1985). The most common approaches for determining lesser included offenses include the following: (1) the statutory or strict elements test; (2) the indictment or pleading theory; (3) the inherent relationship test; and (4) the cognate-evidence test. *See Meadors,* 908 P.2d at 735. The most restrictive approach is the statuto-ry or strict elements test, which involves solely a comparison of the statutory elements of the two offenses. Under this test, one offense is a lesser included of another offense when all of the essential elements of the lesser offense comprise a subset of the essential elements of the greater offense, such that it is impossible to commit the greater offense without also committing the lesser. *See Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 1450–51, 103 L.Ed.2d 734 (1989); *United States v. Browner,* 937 F.2d 165, 167–68 (5th Cir.1991); *People v. Rivera,* 186 Colo. 24, 26, 525 P.2d 431, 433 (1974).

Under the indictment or pleading theory, one offense is the lesser included of another when the allegations of the greater offense as charged, if taken as true, would prove all of the essential elements of the lesser offense. *See Browner,* 937 F.2d at 168; *Meadors,* 908 P.2d at 735. The inherent relationship test provides that one offense is included in another when "the facts as alleged in the indictment and proved at trial support the inference that the defendant committed the less serious offense, and an 'inherent relationship' exists between the two offenses." *Schmuck v. United States,* 489 U.S. at 708–09, 109 S.Ct. at 1447. An inherent relationship is found when the two offenses "relate to the protection of the same interests and the proof of the greater offense can generally be expected to require proof of the lesser offense." *Id.* at 709, 109 S.Ct. at 1447.

The cognate-evidence approach involves a consideration of both the statutory elements and the evidence adduced at trial. This test provides that one offense is the lesser included of another when, under the facts of the specific case, "the lesser offense is sufficiently related to the charged offense to warrant a jury instruction on the former." *Meadors,* 908 P.2d at 735.

The determination of lesser included offenses has arisen in three different contexts

---

**2.** The question in *Skinner* was whether the trial court properly characterized as lesser included offenses two crimes which had been submitted to the jury at the defendant's request. *See Skinner,* 825 P.2d 1045, 1046 (Colo.App.1991). Therefore, the issue of the prosecution's entitlement to an instruction on a lesser non-included offense was not properly before the court of appeals, and its statements on this issue were dicta. Although the *Skinner* court cited our decision in *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974), in support of its statements, our comments in *Rivera* regarding the prosecution's entitlement to such an instruction were likewise dicta. *See Rivera,* 186 Colo. at 28, 525 P.2d at 434.

in Colorado: (1) double jeopardy/statutory merger claims; (2) a defendant's request for an instruction on a lesser offense; and (3) the prosecution's request for an instruction on a lesser offense. This case involves the last issue: the prosecution's entitlement to an instruction on a lesser offense over the defendant's objection, which implicates a defendant's due process right to notice of the charges against him. *See Meadors,* 908 P.2d at 735.

In the context of double jeopardy claims, we have held that a defendant may not be convicted of both a greater offense and an offense which is a lesser included offense of the greater offense under the statutory test. *See Armintrout,* 864 P.2d at 578–79. Applying the same reasoning to merger claims, we have held that where a defendant is convicted of both a greater offense and an offense which is lesser included under the statutory test, the rule of merger limits multiple punishments for the same crime and requires the merger of a lesser included offense into the greater offense.[3] *See Boulies v. People,* 770 P.2d 1274, 1282 (Colo.1989). Thus, in both double jeopardy cases and merger cases, we have followed the statutory or strict elements test.

In the context of a defendant's entitlement at trial to an instruction on a lesser offense, however, we have held that the determination of whether the lesser offense is included in the greater offense under the statutory test is not dispositive. *See Rivera,* 186 Colo. at 28, 525 P.2d at 434. A defendant is entitled to an instruction on a lesser offense as a theory of the case instruction, *see id.,* as long as there is "a rational basis in the evidence to support a verdict acquitting him of the greater offense ... and convicting him of the lesser offense," *People v. Bartowsheski,* 661 P.2d 235, 242 (Colo.1983). The rationale for allowing such an instruction is to ensure that a jury does not convict a defendant of an offense greater than the one actually committed merely because the greater offense is the only crime charged and the jury is aware that some crime was committed. *See Rivera,* 186 Colo. at 29, 525 P.2d at 434. In addition, providing such an instruction at the defendant's request does not violate his due process right to notice, because the request "is tantamount to a defendant's consent to an added count being charged against him." *Id.* at 28–29, 525 P.2d at 434.

The case now before us presents the issue of the prosecution's entitlement to an instruction on a lesser offense over the defendant's objection. In contrast to double jeopardy and statutory merger claims or a defendant's entitlement to an instruction, this issue implicates a defendant's due process right to notice of the charges against him. *See U.S. Const. amend.* VI ("In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation."). We therefore turn to a consideration of the test to be applied in this situation.

### III.

Garcia argues that, because first degree criminal trespass contains the element "dwelling of another," which is not an element of second degree burglary according to our holding in *Armintrout,* first degree criminal trespass is not a lesser included offense of second degree burglary. Garcia therefore contends that he was not given sufficient notice of the need to defend on the first degree criminal trespass offense. The People argue, on the other hand, that because the determination of whether the prosecution is entitled to a jury instruction on a lesser, uncharged offense implicates a defendant's right to notice of the charges against him, that analysis is distinguishable from determining lesser included offenses for the pur-

---

**3.** In Colorado, section 18–1–408(5), 8B C.R.S. (1986), provides a statutory basis for merger and states in relevant part:

A defendant may be convicted of an offense included in an offense charged in the indictment or the information. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; . . . .
§ 18–1–408(5), 8B C.R.S. (1986). We have found that this section requires the application of the statutory test for determining lesser included offenses. *See People v. Raymer,* 662 P.2d 1066, 1069 (Colo.1983).

pose of double jeopardy or statutory merger claims. We agree with the People.

We find as an initial matter that the court of appeals was correct that under the statutory test applied in *Armintrout,* first degree criminal trespass is not a lesser included offense of second degree burglary. In *Armintrout,* we considered whether a defendant was properly convicted of both first degree burglary and second degree burglary based on the same incident. We began our analysis in that case by noting that "a court is prohibited from imposing multiple punishments for a greater and lesser included offense by the Double Jeopardy Clauses of the federal and state constitutions . . ., by statute . . ., and by the judicially-created rule of merger." *Armintrout,* 864 P.2d at 578–79. In that context, we applied the statutory test, comparing the elements of first and second degree burglary.

We found that the "dwelling" factor of class three felony second degree burglary functioned as a sentence enhancer, rather than an essential element of the offense. *See id.* at 579. We noted that a statutory enhancement factor is not an element of the offense charged because "[a] defendant still may be convicted of the underlying offense without any proof of the sentence enhancer." *Id.* at 580. Stating that our decisions in *People v. Henderson,* 810 P.2d 1058 (Colo. 1991), and *People v. Powell,* 716 P.2d 1096 (Colo.1986), demonstrate that we do not consider statutory enhancement factors when determining whether one offense is a lesser included of another for purposes of merger, we concluded that second degree burglary was a lesser included offense of first degree burglary. *See Armintrout,* 864 P.2d at 580–81.

If the case before us involved a claim of double jeopardy or statutory merger, the determination that first degree criminal trespass is not a lesser included offense of second degree burglary would be the end of our inquiry. However, this case must be distinguished from *Armintrout* because here the defendant claims a deprivation of his due process right to notice of the crime of which he was convicted. Although as a matter of law a defendant is given proper notice of a lesser uncharged offense that meets the definition of a lesser included offense, a determination that a lesser uncharged offense does not meet that definition is not ultimately dispositive of the notice question.

We first dealt with the tension between the prosecution's entitlement to an instruction on a lesser offense over a defendant's objection and a defendant's due process right to notice of the charges against him in *People v. Cooke,* 186 Colo. 44, 525 P.2d 426 (1974). In *Cooke,* the defendant was charged with possession of narcotics for sale. *See id.* at 45, 525 P.2d at 427. At the close of evidence, the People requested an instruction on the lesser included offense of possession of a narcotic drug. *See id.* The defendant objected to the instruction, and the trial court denied the People's request. *See id.*

In overruling the trial court, we considered the due process notice which must be given to a defendant and looked to the charging document to determine if it had been satisfied. *See id.* at 46, 525 P.2d at 428. We stated that "[t]he right of an accused to notice of the charges which have been made against him constitutes a fundamental constitutional guarantee and lies at the foundation of due process of law." *Id.* at 46, 525 P.2d at 428. We further explained that "[t]he notice given must be sufficient to advise the accused of the charge, to give him a fair and adequate opportunity to prepare his defense, and to ensure that he is not taken by surprise because of evidence offered at the time of trial." *Id.*

We then looked to the information that had been filed in *Cooke* to determine if it satisfied the due process notice test. Finding that "the information charging possession with the intent to sell was sufficient to advise the defendant that he must be prepared to controvert evidence of possession and to defend on that charge," we concluded that his due process rights had not been violated. *Id.* We ultimately held that

> where . . . the lesser included offense upon which the prosecution requested an instruction is (1) easily ascertainable from the charging instrument, and (2) not so remote in degree from the offense charged

that the prosecution's request appears to be an attempt to salvage a conviction from a case which has proven to be weak, the prosecution may obtain a lesser included offense instruction over the defendant's objection.

*Id.* at 48, 525 P.2d at 429.

The *Cooke* test recognizes that due process is a flexible concept, and its exact contours must be determined by the facts of each case. Although the *Cooke* case involved an instruction on a lesser included offense, the court's consideration of the defendant's due process right to notice included an analysis of the offense as charged in the particular information involved in that case. The *Cooke* approach thus closely resembles the indictment/pleading theory of determining lesser included offenses by directing the trial court to look at the allegations of the offense as charged.

■ Although the lesser offense in the case now before us is not an included offense of the offense charged, we find the *Cooke* rationale is applicable and requires us to look to the charging document when a question of due process notice is raised. Therefore, to decide whether a defendant has notice that he might have to defend against a lesser uncharged offense, we must consider the greater offense as charged.

In this case, the felony complaint listed the charge as "SECOND DEGREE BURGLARY (F-3) COUNT ONE." The information further stated that Garcia "did unlawfully, feloniously and knowingly break an entrance into and enter and remain unlawfully in the *dwelling* of [the victim]." (emphasis added). Felony class three second degree burglary is second degree burglary of a dwelling. *See* § 18–4–203(2)(a), 8B C.R.S. (1986). Therefore, because the listed charge was second degree burglary, felony class three, Garcia had notice that the prosecution sought to prove burglary of a dwelling. Moreover, the information specifically alleged that the breaking and entering was of a "dwelling."

Thus, Garcia clearly had notice through the charging instruments of the prosecution's intent to prove that the unlawful entry was of a "dwelling." Under such circumstances, it was not error on the part of the trial court to instruct the jury on first degree criminal trespass over the defendant's objection.

In reaching our decision, we are persuaded by our cases analyzing the distinction between elements and sentence enhancement factors in the context of the burden of proof. In *Beigel v. People,* 683 P.2d 1188 (Colo. 1984), we addressed the question of whether the court of appeals erred in upholding the trial court's failure to include "physically aided or abetted" as an element in the definitional jury instruction of first degree sexual assault. At that time, the first degree sexual assault offense, section 18–3–402(2)(a), 8B C.R.S. (1978), provided in relevant part that "[s]exual assault in the first degree is a class 3 felony, but it is a class 2 felony if: (a) In the commission of the sexual assault the actor is physically aided or abetted by one or more other persons." § 18–3–402, 8B C.R.S. (1978).

In upholding the district court's failure to provide "physically aided and abetted" as an element which must be proved beyond a reasonable doubt, the court of appeals held that the instructions were sufficient because the disputed provision was a sentence enhancer rather than an essential element of the crime. *Beigel,* 683 P.2d at 1190–91. Reversing the court of appeals, we found that "the result in th[e] case is the same whether [it] is labeled an element or a sentence enhancer." *Id.* at 1191. We emphasized that, regardless of whether the section functioned as a sentence enhancer, it still had to be proved beyond a reasonable doubt. *See id.*

■ By the same reasoning, where the issue is notice, factors announced in the charging instrument effectively place a defendant on notice, regardless of whether those factors are labeled as sentence enhancers or elements.[4] To hold otherwise would

---

4. The jury instruction given in this case was taken from CJI–Crim. 14:03 and treated the sentence enhancer as an element for purposes of proof:

The elements of the crime of Second Degree Burglary are:
1. That the defendant,

be to elevate form over substance because each must be proved beyond a reasonable doubt. Thus, although a defendant is presumed to have notice of the possibility of conviction of an offense which is a lesser included offense of the offense charged, we hold that the inquiry does not necessarily end there. For purposes of due process notice, where the prosecution seeks an instruction on a lesser nonincluded offense of an offense charged, the court must examine the charging documents involved in the case at hand to determine if the offense *as charged* alleges the existence of a sentence enhancement factor which provides the defendant with sufficient notice of the lesser offense.

## IV.

In the context of due process right to notice, much like the standard of proof context, we find that the distinction between an essential element and a statutory enhancement factor is not dispositive for determining whether a defendant has notice of lesser included offenses against which he must defend. Because the charging instrument in this case put Garcia on notice that the second degree burglary charge was premised on the burglary of a dwelling, we hold that the court of appeals erred in reversing Garcia's conviction. We remand the case to that court for further proceedings consistent with this opinion.

2. in the State of Colorado, at or about the date and place charged,
3. knowingly,
4. unlawfully entered or remained in a dwelling,
5. with intent to commit therein the crime of Theft as defined in Instruction No. 7.

After considering all of the evidence, if you decide the prosecution has proven each of the elements beyond a reasonable doubt, you should find the defendant guilty of Second Degree Burglary.

After considering all of the evidence, if you decide the prosecution has failed to prove each of the elements beyond a reasonable doubt, you should find the defendant not guilty of Second Degree Burglary.