**COLORADO STATE BOARD OF DENTAL EXAMINERS,**
Petitioner–Appellee,

v.

**Neil George NORTON, D.D.S.,**
Respondent–Appellant.

**No. 99CA0805.**

Colorado Court of Appeals,
Div. I.

April 13, 2000.

Certiorari Denied Oct. 10, 2000.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),  and § 24-51-1105, C.R.S.1999.

Ken Salazar, Attorney General, Kevin D. Heupel, Assistant Attorney General, Denver, Colorado, for Petitioner–Appellee.

Kennedy & Christopher, P.C., Daniel R. Christopher, John R. Mann, Jeremy A. Sitcoff, Denver, Colorado, for Respondent–Appellant.

Opinion by Judge RULAND.

Respondent, Dr. Neil George Norton, appeals from an order of the State Board of Dental Examiners directing that a letter of admonition be issued to him. The letter admonishes respondent for violating § 12–35–118(1)(h) and § 12–35–118(1)(j), C.R.S. 1999, of the Dental Practice Act. We affirm in part, vacate in part, and remand with directions.

Respondent is licensed to practice dentistry in Colorado. After performing an initial examination on a patient, respondent determined that the patient needed extensive dental work. Respondent intended to propose a treatment plan at the patient's next scheduled visit, but the patient failed to appear for that appointment.

Three months later, the patient returned to respondent's office complaining to a staff member of sensitivity to hot and cold. She asked that respondent fill as many of her cavities as he could that day. Respondent then met with the patient and proposed his treatment plan.

He advised the patient that placing crowns on certain teeth took priority over filling the

cavities. The patient refused the crowns and insisted that the cavities be filled. Respondent answered that not placing the crowns first would be malpractice. The patient became verbally abusive and left the office.

Later, the patient filed a complaint with the Board, and a letter of admonition was issued to respondent alleging that his treatment of the patient was substandard. Respondent appealed from the decision to issue the letter pursuant to § 12–35–118(1), C.R.S. 1999.

A hearing was held before an Administrative Law Judge (ALJ). At the close of evidence, the ALJ granted the attorney general's motion to amend the notice of charges over respondent's objection to include a claim alleging that respondent's treatment plan sequence was substandard. No request for a continuance was made by respondent. Later, based upon extensive findings of fact, the ALJ concluded that respondent's treatment plan sequence was indeed substandard and thus violated § 12–35–118(1)(j).

Both parties later filed exceptions with the Board. The Board adopted the ALJ's findings and then approved the issuance of a letter of admonition. This appeal followed pursuant to § 12–35–115, C.R.S.1999.

### I.

Initially respondent contends, and the Board agrees, that the reference in the letter of admonition to a violation of § 12–35–118(1)(h) was error. We also agree. Therefore, the case must be remanded for revision of the letter to delete the error.

### II.

Respondent next contends that the Board erred for various reasons in affirming the ALJ's determination that respondent's treatment plan sequence fell below generally accepted dental practice standards. We are not persuaded by any of respondent's contentions.

### A.

Respondent first argues that the ALJ erred by granting the attorney general's motion to amend the notice of charges to add this claim. Even if we assume that this issue was properly preserved by respondent for judicial review, we conclude that there was no reversible error.

Section 24–4–105(4), C.R.S.1999, grants the ALJ authority to "dispose of motions to amend ... pleadings ... or take any other action authorized by ... the procedure in the district court." The motion to amend was thus made pursuant to C.R.C.P. 15(b). As pertinent here, the rule authorizes a party to amend the pleadings to conform to the evidence if a claim has been tried by implied consent.

■ Contrary to respondent's assertions, the ALJ has discretion to determine whether to grant the motion. And, the fact that a license to practice is involved does not change the standard of review for the ALJ's decision. Indeed, in a criminal case, an uncharged lesser non-included offense may be submitted to the jury if the charging document provides sufficient notice to the defendant that he or she may have to defend against the charge. *People v. Garcia*, 940 P.2d 357 (Colo.1997).

■ Accordingly, in our view the ALJ's decision must be approved if there is no reasonable doubt that the issue was intentionally and actually tried. *See Lyons v. Teamsters Local Union No. 961*, 903 P.2d 1214 (Colo.App.1995).

■ Here, the notice of charges included allegations that:

4. S.R. [the patient] had active caries with large lesions in teeth # 's 2 and 21.

5. Respondent recommended to S.R. that she have teeth # 's 4 and 19 crowned before treating the active caries on teeth # 's 2 and 21.

6. S.R. was experiencing pain in teeth # 's 2 and 21, and did not request nor desire crown placements in # 's 4 and 19 at that time.

7. Respondent refused to restore teeth # 's 2 and 21 without prior crown placement of # 's 4 and 19.

8. ... S.R. sought a second opinion from ... [another dentist].

9. [That dentist] ... opined that proper treatment planning involved removal of active caries on teeth # 's 2 and 21 *prior to any other treatment.* ... (emphasis supplied)

And, in a written opinion prepared in advance of the hearing and introduced into evidence, respondent's expert stated that: "The issue here is the sequence of treatment and not the specific recommended treatment."

Finally, during the hearing, experts for both parties offered extensive testimony, albeit conflicting, regarding whether respondent's opinion as to the priority of treatment was substandard. However, there was no objection to this testimony as not relevant to the written charges.

Thus, we conclude that respondent had sufficient notice that treatment sequencing would be an issue at the hearing. We further conclude that the issue was intentionally and actually tried. *See Colorado State Board of Dental Examiners v. Micheli,* 928 P.2d 839 (Colo.App.1996)(due process in an administrative hearing requires that respondent have an opportunity to be heard following adequate notice of the nature of the proceedings); *see also People v. Garcia, supra.*

Accordingly, because the record supports the ALJ's decision, it may not be disturbed on appeal.

### B.

Respondent next contends that the ALJ's evidentiary findings do not support the Board's conclusion that the treatment sequence fell below generally accepted dental standards. Again, we disagree.

■ Evidentiary findings of an administrative agency may be set aside only if those findings are clearly erroneous or are unsupported by substantial evidence when the record is considered in its entirety. Ultimate findings of fact, if supported by substantial evidence, may be set aside if there is no reasonable basis in law for those findings.

*Lee v. State Board of Dental Examiners,* 654 P.2d 839 (Colo.1982).

■ First, we are not persuaded by respondent's contention that the ALJ's evidentiary findings, as adopted by the Board, are in conflict and thus do not support the Board's order. While the ALJ found that respondent's intended treatment plan was within acceptable dental standards, the ALJ also in effect found that after the patient refused the crowns, respondent's initial refusal to then fill the cavities constituted substandard treatment. Hence, in our view these findings are not fatally inconsistent.

■ Next, to the extent respondent suggests that the Board may not determine the applicable standard of care if the expert testimony is in conflict, we conclude that *State Board of Medical Examiners v. McCroskey,* 880 P.2d 1188 (Colo.1994), establishes otherwise.

### C.

■ Finally, the Board's determination that respondent's treatment sequence fell below generally accepted dental standards is supported by substantial expert testimony in the record. In this context, we must defer to the weight and credibility determinations of the Board. *See State Board of Medical Examiners v. Thompson,* 944 P.2d 547 (Colo. App.1996).

We have considered and reject respondent's remaining contentions for reversal of the Board's order.

That part of the Board's order directing issuance of a letter of admonition for violation of § 12–35–118(1)(j) is affirmed. That part of the Board's order directing issuance of a letter of admonition for violation of § 12–35–118(1)(h) is vacated, and the cause is remanded with directions to the Board to modify the letter to remove any reference to a violation of § 12–35–118(1)(h).

Judge NIETO concurs.

Judge METZGER dissents.

Judge METZGER, dissenting.

I agree with the majority that C.R.C.P. 15(b) can apply in disciplinary actions. However, because I believe the ALJ and the Board here misapplied C.R.C.P. 15(b) and violated respondent's right to due process, I respectfully dissent.

The law imposes an obligation on administrative agencies to be fundamentally fair when resolving disputes involving governmental action that threatens to deprive an individual of a significant property interest. *See deKoevend v. Board of Education,* 688 P.2d 219 (Colo.1984). A license to practice dentistry is a valuable property right which is protected by the Due Process Clause of the Fourteenth Amendment and by Colo. Const. art. II, § 25. *Colorado State Board of Dental Examiners v. Micheli,* 928 P.2d 839 (Colo.App.1996). Thus, a respondent must have an opportunity to be heard following adequate notice of the nature of the proceedings. *Norton v. Colorado State Board of Medical Examiners,* 821 P.2d 897 (Colo.App.1991).

This due process standard is defined, as pertinent here, in § 24–4–105(2)(a), C.R.S. 1999: "Any person entitled to notice of a hearing shall be given timely notice of the time, place, and nature thereof, the legal authority and jurisdiction under which it is to be held, and the matters of fact and law asserted."

In practical terms, this notice must specify the factual conduct, *Colorado State Board of Dental Examiners v. Micheli, supra,* and the particular legal grounds relied upon. *See Colorado State Board of Medical Examiners v. Boyle,* 924 P.2d 1113 (Colo.App.1996). Indeed, the supreme court has held that the only matters an administrative board may properly consider at a quasi-judicial hearing are those included in the notice upon which the hearing is based. *Spears Free Clinic & Hospital for Poor Children v. State Board of Health,* 122 Colo. 147, 220 P.2d 872 (1950).

Here, the Notice of Charges alleged: 1) the patient, S.R., "was experiencing pain" in two teeth and "did not request nor desire crown placements" in two other teeth; 2) respondent had refused to restore the first two teeth without prior crown placement on the two other teeth; and 3) "Respondent's failure to immediately treat [the first two teeth] constitutes an act or omission which fails to meet generally accepted standards of dental practice."

The Board's prehearing statement specified that those allegations were the basis of its case. And, in his opening statement to the Administrative Law Judge (ALJ), counsel for the Board said: "Because the Respondent failed to immediately treat S.R.'s two cavities, the evidence will show that the Respondent's conduct violated § 12–25–118(1)(j)...."

Thus, the pleadings clearly show that the theory of the Board's case was that respondent had provided substandard care by refusing to provide immediate treatment to a patient who had said she was in pain. They made no reference, either direct or indirect, to a treatment plan sequence (the order in which dental work is done), which the Board agrees is an entirely different concept from a treatment plan (a listing of the dental work that needs to be done).

Respondent's counsel, in his opening statement, affirmed that respondent's understanding of the issue to be tried related solely to the treatment plan issue. He went on to say, "this case does not involve an issue of whether or not it was substandard to treat crowns before cavities." Counsel for the Board made no objection or clarification to that statement.

The Board's motion, to amend the charges to allege that respondent had an improper treatment plan sequence, was made immediately before closing arguments, after all the evidence had been received. Respondent's counsel objected, but the ALJ overruled the objection.

As the ALJ found, the evidence at the hearing showed that S.R. was not experiencing pain in any teeth on the day she went to respondent's office, nor had she told anyone she was. She prevented respondent from explaining his proposed treatment plan for nine of her teeth or from discussing her current condition with her. She did not have

the two teeth in question filled until more than a month after the incident here.

The ALJ found respondent's intended treatment plan was reasonable and was within generally accepted standards of dental practice. However, the ALJ went on to determine, once the patient had refused the placement of crowns on two teeth, no reasonable basis existed on which to refuse to fill the cavities on two other teeth. Thus, the ALJ concluded, while respondent's treatment plan was reasonable, his treatment plan sequence fell below generally accepted standards of dental practice.

The record is clear that respondent did not receive notice that the treatment plan sequence would be an issue to be litigated at the hearing. This did not give him a meaningful opportunity to respond, and therefore, I believe it violated his right to due process. *See Spedding v. Motor Vehicle Dealer Board,* 931 P.2d 480 (Colo.App.1996).

I disagree with the majority's conclusion that the issue of the propriety of the treatment plan sequence was intentionally and actually tried.

C.R.C.P. 15(b) allows pleadings to be amended to conform to the evidence only with the trial court's permission. In civil cases, the court may allow such an amendment *only* where there is no reasonable doubt that the issue raised by the proposed amendment has been intentionally and actually tried. *Real Equity Diversification, Inc. v. Coville,* 744 P.2d 756 (Colo.App.1987). It is not enough that some evidence has been presented germane to the issue sought to be tried. *Clemann v. Bandimere,* 128 Colo. 24, 259 P.2d 614 (1953).

These principles are premised upon the notice pleading foundation of the Colorado Rules of Civil Procedure. As stated in *Yoder v. Hooper,* 695 P.2d 1182, 1185 (Colo.App. 1984), *aff'd,* 737 P.2d 852 (Colo.1987): "Under our rules of civil procedure, the precise legal theory asserted by a claimant is not controlling, so long as the complaint gives sufficient notice of the transaction sued upon." *See also* C.R.C.P. 8.

Those conducting hearings, such as the one here, pursuant to § 24–4–105(4), C.R.S.1999,

have the authority to take any action "in accordance, to the extent practicable, with the procedure in the district courts." Thus, the Colorado Rules of Civil Procedure can offer assistance. *See* C.R.C.P. 81.

However, as noted previously, in discipline actions, the property right of a professional license triggers the application of the due process requirements that actual notice of the specific facts and particular legal grounds must be given. *See Colorado State Board of Dental Examiners v. Micheli, supra,* and *Colorado State Board of Medical Examiners v. Boyle, supra. See also* §§ 24–4–105(1) and 24–4–105(2)(a), C.R.S.1999.

Therefore, while the Colorado Rules of Civil Procedure offer guidance in deciding issues regarding the conduct of administrative hearings, *Weiss v. Department of Public Safety,* 847 P.2d 197 (Colo.App.1992), the agency's decision must demonstrate the use of sufficient standards ensuring rational and consistent results in the application of the statute and adequate procedural safeguards. *Zamarripa v. Q & T Food Stores, Inc.,* 929 P.2d 1332 (Colo.1997).

Here, as indicated, neither the pleadings, counsels' arguments, nor the evidence notified respondent that the propriety of his treatment plan sequence was at issue. This, in and of itself, forms a basis for reversal. *See In re Ruffalo,* 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); *In re Quiat,* 979 P.2d 1029 (Colo.1999). In his mid-trial motion to dismiss, respondent's counsel argued that due process principles required dismissal. He pointed out that:

[W]e believe that the evidence has not substantiated the Board's conclusion ... and allegations that [respondent] refused to immediately treat [two teeth] because the patient presented as being in pain. We think that is the integral allegation and substance of this claim against [respondent], and that this Government has not met its burden of proof based upon the testimony of its own expert witnesses, and just as importantly, the testimony of [the patient].

The importance of the issue in the pleadings is that these pleadings represent the

position of the Dental Board as to why ... it has [made] the immediate determination that charges should be filed.... There has been no motion to amend the complaint in this case to comply with the testimony of the expert witnesses, which would be a condition precedent to overcoming the deficiency in the pleading.

Specifically—the amendment, had it been made, would have been specifically that [respondent's] treatment planning sequence was below the standard of care. The complaint was not amended, and indeed, if you recall the testimony of [the two experts], in the absence of pain, the only criticism was the sequence of the treatment, not an issue based upon pain, and that [two teeth] needed to be immediately treated.

The Board's attorney did not move then to amend the complaint. However, he argued that, under notice pleading principles, respondent had received sufficient notice to comport with due process.

The ALJ agreed with the Board's attorney and noted that, even though the complaint made no mention of a treatment plan sequence, some facts alleged in the complaint, and elicited in the Board's case-in-chief, would support such a charge. He also opined that he did not believe respondent had been surprised by the way the evidence had developed, nor had he been prejudiced. Thus, finding that respondent had not been denied fundamental fairness, he denied respondent's motion.

These facts demonstrate that respondent not only had no proper notice of the charges but that the *issue* was not tried. The failure of the Board's attorney to seek an amendment at mid-hearing demonstrated the Board's reaffirmance of its position that the treatment plan sequence was not the basis of the charges.

And, the comments of the Board's attorney and the ALJ's ruling both reflect their misapprehension that notice pleading was sufficient in cases such as this. The law is clear, however, that notice pleading concepts do not apply in such cases.

This error was compounded by the amendment to the charges after all evidence had been received. This gave respondent absolutely no opportunity to counter what ultimately became the basis for discipline.

The ALJ made no findings concerning the due process implications of the proposed amendment. Indeed, he made no findings that C.R.C.P. 15(b) had been complied with and that no reasonable doubt existed that the issue had been intentionally and actually tried. *See Real Equity Diversification, Inc. v. Coville, supra.*

The ALJ's own findings show that the treatment plan sequence issue was not tried by consent. And, the record demonstrates that any evidence relating to that issue was introduced over the objection of respondent.

Consequently, I believe the conduct of this hearing violated respondent's right to due process. Therefore, I would reverse the Board's determination.

Additionally, in my view, the majority's reliance on *People v. Garcia,* 940 P.2d 357 (Colo.1997), is misplaced. There, the supreme court held that the lesser non-included offense of which defendant was convicted was easily ascertainable from the charging document and was not so remote in degree from the offense charged that its addition appeared to be an attempt to salvage a conviction from a weak case.

Here, respondent's discipline rested on a violation equal in degree to that charged. And, as detailed earlier, not only did the charging document not give him notice of the additional charge, but the statements and conduct of the Board's attorney and the ALJ led him to believe that the additional charge was not an issue. Finally, since, as the ALJ found, the factual basis for the original charge was wholly insufficient, the amendment at the close of all the evidence was an attempt to salvage a weak case.

Moreover, to the extent respondent's discipline was premised on his failure or refusal to follow the patient's wishes, I would also reverse.

The patient admitted she had not given respondent an opportunity to explain her condition, the proposed treatment plan, or

the proposed treatment plan sequence to her. Thus, her purported "wishes" rested on an incomplete and insufficient understanding which resulted from her own behavior. Therefore, since they lacked a proper factual foundation, her "wishes" had no import.

Accordingly, I would reverse the Board's imposition of discipline and order that the case be dismissed.