The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Anthony FORD, Defendant–Appellant.

No. 03CA0343.

Colorado Court of Appeals, Div. A.

July 1, 2004.

Certiorari Denied Nov. 15, 2004.

Ken Salazar, Attorney General, Roger G. Billotte, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Kimberly K. Caster, Littleton, Colorado, for Defendant–Appellant.

Opinion by Judge NEY.*

Defendant, Anthony Ford, appeals the district court order denying his Crim. P. 35(c) motion for postconviction relief. We affirm, but remand for correction of the mittimus.

Defendant was convicted of second degree burglary of a dwelling, a class three felony. The conviction was affirmed on direct appeal. *See People v. Ford*, (Colo.App. No. 97CA0316, Nov. 5, 1998)(not published pursuant to C.A.R. 35(f)).

Thereafter, defendant filed a Crim. P. 35(c) motion alleging, as pertinent here, that defense counsel rendered ineffective assistance by failing to invoke the marital privilege to prevent his wife from testifying against him. The trial court denied the motion, and this appeal followed.

To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was outside the wide range of professionally competent assistance; and (2) the defendant was prejudiced by counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Davis v. People*, 871 P.2d 769 (Colo.1994).

Ordinarily, second degree burglary is a class four felony. However, if the burglary is of a "dwelling," the crime is elevated to a class three felony for the purpose of sentencing. *See* § 18–4–203(2), C.R.S.2003; *Armintrout v. People*, 864 P.2d 576 (Colo.1993).

While the marital privilege may be invoked to exclude a spouse's testimony in cases involving a class four felony, it does not apply to class three felonies. *See* § 13–90–107(1)(a), C.R.S.2003.

Here, defendant was specifically charged with the class three felony of second degree burglary of a "dwelling." He was not charged with, nor was the jury instructed on, the class four felony of second degree burglary of a "building or occupied structure." *See* § 18–4–203(1)–(2), C.R.S.2003. Under these circumstances, we conclude that the marital privilege was not available to defendant and that counsel's failure to attempt to invoke the privilege neither fell below the level of a reasonably competent defense attorney nor prejudiced the defense.

In so concluding, we are not persuaded by defendant's argument that, because the "dwelling" element of class three felony second degree burglary is a sentence enhancer, rather than an essential element of the offense, *see Armintrout v. People, supra*, the offense should be treated as a class four felony for the purpose of applying the marital privilege. *Cf. People v. Garcia*, 940 P.2d 357, 358 (Colo.1997)(for "the purpose of due process notice, the distinction between a sentence enhancement factor and a statutory element of an offense is irrelevant when the factor is specifically alleged in the charging document"). Here, because the charge specified burglary of a dwelling, a class three felony, we conclude the marital privilege is unavailable.

However, because the mittimus does not reflect that defendant is required to serve five years of mandatory parole pursuant to § 18–1.3–401(1)(a)(V)(A), C.R.S.2003, the case is remanded to the trial court with directions to amend the mittimus accordingly. *See Craig v. People*, 986 P.2d 951 (Colo.1999)(an error in the mittimus regarding mandatory parole must be corrected whenever it is noticed).

The order is affirmed, and the case is remanded for correction of the mittimus.

Judge CASEBOLT and Judge PLANK concur.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2003.